IN THE UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REGIONS BANK                                                      PLAINTIFF

v.                                    No. 4:16cv78-SWW

ARBERTDELLA LAMB and                                    DEFENDANTS
NANCY HAMPTON, as Administratrix for the
Estate of Willie Townsel

### SEPARATE DEFENDANT ARBERT DELLA LAMB'S ANSWER TO PLAINTIFF'S COMPLAINT IN INTERPLEADER

Comes now Arbert Della Lamb, by and through her undersigned counsel, The Buchanan Firm P.A., and, for her Separate Defendant Arbert Della Lamb's Answer to Plaintiff's Complaint in Interpleader, states:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint. Defendant believes that all evidence necessary to dispose of this case has been presented before the state court and that it, therefore, is the appropriate venue for this matter. Defendant has continuously requested a hearing in state court; however, a new judge has been appointed as the previous judge died during the pendency of the case. Venue should be transferred back to state court. *See* Exhibit A, Motion for Declaratory Judgment, or Alternatively, for Nancy Hampton, as Administratrix for the Estate of Willie Townsel, to Show Cause Why the Freeze on Arbert Della Lamb's Account, Pursuant to Hampton's Request, Should Not Be Lifted and Brief in Support.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore, denies the same.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore, denies the same.

6. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore, denies the same.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. To the extent that it states that Plaintiff has placed a hold on Defendant's account, Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore, denies the same.

20. The allegations contained in Paragraph 20 constitute conclusions of law for which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint as Defendant denies that Plaintiff has a contractual right to interpleader under these circumstances and denies that Plaintiff is entitled to costs, expenses, and attorney's fees under these circumstances.

## Defenses

Having answered Plaintiff's Complaint in Interpleader, Defendant is informed and believes and thereon affirmatively pleads, the following defenses:

22. That Plaintiff's Complaint should be dismissed for improper venue; this matter should be transferred to state court;

23. That Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted;

24. That Plaintiff's claim for costs, expenses, and attorney's fees are barred or diminished under the doctrine of estoppel;

25. That Plaintiff's claim for costs, expenses, and attorney's fees are barred from recovery under the equitable doctrine of unclean hands;

26. That Plaintiff's claim for costs, expenses, and attorney's fees—in both state court and this Court—were caused by Plaintiff's own unnecessary actions, and therefore, should be borne by Plaintiff, or alternatively, that said costs, expenses, and attorney's fees should be borne by Separate Defendant Nancy Hampton for causing these circumstances with her meritless claim;

27. That Defendant has insufficient knowledge or insufficient information upon which to form a belief as to whether she may have additional, yet un-asserted, affirmative defenses. Defendant, therefore, reserves the right to assert additional affirmative defenses after facts supporting those defenses are discovered.

### Declaratory Judgment

28. Alternatively, should this Court deny that venue is appropriate in state court, thereby retaining this matter in federal court, Defendant hereby seeks a declaratory judgment pursuant to 28 U.S.C. Section 2201 and 2202. Defendant specifically requests that Defendant be declared the rightful owner of the checking account—and balance therein—that Plaintiff seeks to interplead into the Court's registry, with no other party having a claim at all to the same.

### Attorney's Fees, Costs, and Expenses

29. Defendant has engaged the services of the undersigned attorney to respond to this action and has agreed to pay a reasonable fee, plus costs and expenses, for services associated with this action. Defendant did the same in response to Plaintiff's state court Verified Complaint for Interpleader. Defendant therefore seeks and is entitled to attorney's fees, costs and expenses associated with the action before this Court. Should this Court determine that venue is appropriate in the federal court in this matter and address Defendant's alternative motion for declaratory judgment, Defendant also seeks and is entitled to attorney's fees, costs and expenses associated with the action before the state court as the current action arises from the exact same facts and is an extension of the state court case.

WHEREFORE, having fully answered, Defendant Arbert Della Lamb prays that Plaintiff's Complaint in Interpleader be dismissed with prejudice or, alternatively, that she be granted a declaratory judgment naming her the rightful owner of the account at the heart of this matter; that Plaintiff be denied attorney's fees, costs and expenses, or alternatively, that separate Defendant Hampton be made responsible for the entirety of Plaintiff's attorney's fees, costs, and expenses; for her own costs incurred and expended herein, as well as attorney's fees in both this case and the prior state case that was previously dismissed by Plaintiff immediately preceding

her filing this Complaint in Interpleader; and for any and all other just and proper relief to which she may entitled.

Respectfully submitted,

/s/ Eric Spencer Buchanan
Eric Spencer Buchanan, Esq.
Ark. Bar No. 94-151

THE BUCHANAN FIRM P.A.
P.O. Box 166643
Little Rock, Arkansas 72216
(501) 376-7540 (Phone)
(501) 376-3552 (Fax)
Eric.Buchanan@TheBuchananFirm.com

## CERTIFICATE OF SERVICE

I, Eric Spencer Buchanan, hereby certify that on this 3rd day of March, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participating counsel of record listed below:

Edie R. Ervin, Esq.,
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3493

Ronald C. Wilson, Esq.
Wilson & Associates, P.A.
310 Mid Continent Plaza, Suite 110
West Memphis, AR 72301

/s/ Eric Spencer Buchanan
Eric Spencer Buchanan, Esq.

### IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
WILLIE TOWNSEL, DECEASED

v.                                              No. PR-2014-79

IN RE: ARBERT DELLA LAMB,
BENEFICIARY

### MOTION FOR DECLARATORY JUDGMENT, OR ALTERNATIVELY, FOR NANCY HAMPTON, AS ADMINISTRATRIX FOR THE ESTATE OF WILLIE TOWNSEL, TO SHOW CAUSE WHY THE FREEZE ON ARBERT DELLA LAMB'S ACCOUNT, PURSUANT TO HAMPTON'S REQUEST, SHOULD NOT BE LIFTED AND BRIEF IN SUPPORT

COMES NOW, Arbert Della Lamb, by and through her undersigned counsel, The

Buchanan Firm P.A., and, for her Motion for Declaratory Judgment, or Alternatively, for Nancy

Hampton, as Administratrix for the Estate of Willie Townsel, to Show Cause Why the Freeze On

Arbert Della Lamb's Account, Pursuant to Hampton's Request, Should Not Be Lifted and Brief

in Support, states:

1. Lamb files this Motion and Brief in support pursuant to Arkansas Code Annotated
   section 16-111-101 through 111 (2015), which permits Lamb to file a motion for
   declaratory judgment.

2. On or about May 18, 2009, Arbert Della Lamb and Willie Townsel opened a
   checking account (xxxxxx0886) with Regions Bank.

3. The title of the account was "Willie Townsel or ArbertDella Lamb." *See* Exhibit A,
   Regions Check No. 1206.

4. On or about April 4, 2014, Willie Townsel died intestate. *See* Exhibit B, Certificate of
   Death.



5. On or about April 23, 2014, Lamb presented a death certificate for Townsel, requesting that the account be changed to her name alone. *See* Exhibit C, Personal Account Maintenance and Signature Form.

6. Regions' Deposit Agreement clearly states that "If your account is a personal account and has more than one name on it, we will treat it as a joint tenant account with right of survivorship (to the extent such accounts are recognized under applicable law) unless otherwise expressly designated on the signature card or other account records." *See* Exhibit D, Deposit Agreement, Paragraph 23.

7. Regions investigation of the account found no "express designation or any other evidence that would alter the presumption that the Account at all times was a joint tenancy with right of survivorship" ("JTWRS"). *See* Exhibit E, Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

8. This lack of any evidence that the account was held in any manner other than JTWRS permitted Regions to grant Lamb's name change request which equated to a change in account ownership. "The change in Account ownership would not have been permitted if anything had been found that suggested that Ms. Lamb was placed on the Account as an authorized signatory and not as a joint owner." *See* Exhibit E, Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

9. Accordingly, it has been clear to Regions from on or about April 23, 2014, when Lamb presented a death certificate for Townsel, that the account—and all the funds remaining therein—belong to Lamb, to the exclusion of all others.

10. On April 29, 2014, Hampton petitioned this Crittenden County Circuit Court to be appointed administratrix of Townsel's estate. *See* Exhibit F, Petition to Administer Estate and Appointment of Personal Representative.[1]

11. On April 30, 2014, this Court entered an Order for Administration of Estate and Appointment of Personal Representative and Letters of Administration appointing Hampton as Administratrix of Townsel's estate. *See* Exhibit G and H, Order for Administration of Estate and Appointment of Personal Representative and Letters of Administration.

12. Hampton, acting as Administratrix for Townsel's estate, demanded Regions to "freeze" Lamb's account with Townsel by JTWRS on May 1, 2014. *See* Exhibit I, May 1, 2014 Correspondence from Hampton to Regions.

13. Regions complied with Hampton's request, activating a "Freeze" on Lamb's account on or about May 2014.

14. Defendant Nancy Hampton does not appear to be arguing that the account was not held between Townsel and Lamb as a JTWRS, but that Townsel had a will. In an August 14, 2014 email correspondence to Patrick Bodden, of Regions bank, from Hampton's counsel stated that he had "been informed that Mr. Townsel left a Last Will and Testament that [they were] attempting to located at [that] time." *See* Exhibit J, August 14, 2014, Email Correspondence from Hampton's Counsel to Regions. This assertion is in direct contradiction to her Petition to Administer Estate and Appointment of Personal Representative, she stated that Townsel "died intestate[.]"

---

[1] Elisha Simmons Townsel and Pamela Donerson, daughters of Townsel and sisters to Hampton, waived their rights to accounting inventory, bond, notice of hearings, and Entry of Appearance.

*See* Exhibit F, Petition to Administer Estate and Appointment of Personal Representative.

15. To dated, after repeated requests, Hampton has produced no will.

16. In any case, Hampton has not made any argument that a will negates the contract on an account held as a JTWRS and Lamb can find no legal authority in support of such an argument.

17. The surviving joint tenant of accounts owns them by operation of law, in the absence of fraud.[2] Where a survivorship was properly created, the estate is not entitled to the money from the account.[3]

18. Lamb owned the account with Townsel by JTWRS and his death, by operation of law, required that the account, and the funds therein, be given to Lamb.

19. Regions transferred ownership of the account to Lamb, but then placed a hold on the funds therein, at Hampton's request. Regions should be ordered to remove the hold on Lamb's account.

20. Regions filed its Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief on August 29, 2014, in Cross County Circuit Court, alleging that it "[was] or may be exposed to double or multiple liability[,]" despite its assertion that all evidence showed that the account belonged to Lamb by JTWRS. It sought to deposit the disputed funds in the court's registry and thereafter be dismissed from the case it started, or for an order declaring Lamb as the rightful owner of the account and

---

[2] *Williams v. Davis*, 2009 Ark. App. 850, 373 S.W.3d 381 (citing Ark. Code Ann. §§ 23-32-207, 23-32-1005, and 23-47-204 (Repl. 2000); *Hall v. Superior Federal Bank*, 303 Ark. 125, 794 S.W.2d 611 (1990).

[3] *Casey v. Casey*, 1999 WL 138783, at 5 (Ark. Ct. App. Mar. 10, 1999).

to receive costs, expenses, and attorney's fees. *See* Exhibit E, Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

21. Hampton answered Regions' verified complaint on October 28, 2014. *See* Exhibit K, Answer to Complaint in Interpleader or, Alternatively, for Declaratory Relief. Hampton sought dismissal of Regions' verified complaint.

22. Lamb answered Regions' verified complaint on November 4, 2014. *See* Exhibit L, Answer to Complaint in Interpleader or, Alternatively, for Declaratory Relief. Lamb sought a declaratory judgment stating that she was the true and lawful order of the account in question and to release the funds therein to her sole possession; she also requested that she not be burdened with Regions' costs, expenses, and attorney's fees.

23. Hampton also appears to intend to make the argument that Lamb was holding the funds in her account with Townsel by JTWRS in constructive trust for Hampton. Edie Ervin, attorney for Regions, forwarded correspondence to this office dated January 29, 2016, in response to this office's February 4, 2016 letter refusing to agree to interplead the funds in Lamb's account. In that correspondence, Ervin advised Lamb that Hampton "contends that [Lamb] was obligated under a constructive trust theory to hold the funds for the benefit of Ms. Hampton." *See* Exhibit M, January 29, 2016 Correspondence from Ervin to Eric Spencer Buchanan. The facts do not support this.

24. The language of Arkansas Code Annotated section 23-32-1005(1)(B) and (2)(B) is clear and establishes the ownership rights of persons named in a joint account or certificate of deposit opened in compliance with the provisions of the statute; as well the language of Arkansas Code Annotated section 23-32-1005(2)(A) and (C) is clear and provides conclusive evidence of the intention of the parties to create a joint

tenancy with the right of survivorship when an account is opened in compliance with the provisions of statute.[4] Generally, assets held as "joint tenancy with right of survivorship" pass outside of probate.[5]

25. A constructive trust is a remedial rather than a substantive institution.[6] In the case of constructive trusts, an obligation is imposed in order to prevent unjust enrichment.[7] "Such trusts arise whenever it appears from the accompanying facts and circumstances that the beneficial interest should not go with the legal title."[8] The duty to convey the property may arise because it was acquired through fraud, duress, undue influence or mistake, breach of a fiduciary duty, or wrongful disposition of another's property.[9] To impose a constructive trust, there must be full, clear, and convincing evidence leaving no doubt with respect to the necessary facts.[10]

26. There must be a confidential duty or fiduciary relationship to establish a constructive trust.[11] A confidential relationship exists between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in

---

[4] *South v. Smith*, 326 Ark. 774, 781, 934 S.W.2d 503, 506 (1996).

[5] *Hall v. Superior Fed. Bank*, 303 Ark. 125, 129, 794 S.W.2d 611, 613 (1990).

[6] *Betts v. Betts*, 326 Ark. 544, 547, 932 S.W.2d 336, 337 (1996) (citing *Brasel v. Brasel*, 313 Ark. 337, 339, 854 S.W.2d 346, 347 (1993)).

[7] *Id.*

[8] *Id.* (citing *Andres v. Andres*, 1 Ark. App. 75, 81, 613 S.W.2d 404, 407–08 (1981)).

[9] *Id.* (citing *Edwards v. Edwards*, 311 Ark. 339, 843 S.W.2d 846 (1992)).

[10] *Id.* (quoting *Nichols v. Wray*, 325 Ark. 326, 925 S.W.2d 785 (1996))

[11] *Savage v. McCain*, 21 Ark. App. 50, 52, 728 S.W.2d 203, 204 (1987) (citing *Andres v. Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981))

mind.[12] Whether or not a confidential relationship exists depends upon the actual relationship between the parties.[13] Simply because parties are related or live in the same household does not alone establish a confidential relationship.[14] A family relationship alone between an aunt and a niece, even if close, which is not the case between Lamb and Hampton, is not sufficient to establish a confidential relationship.[15] In any case, a kinship is not necessary for a confidential relationship.[16] The burden of proving it is on the proponent of the constructive trust.[17]

27. Though Hampton does not assert that a confidential relationship existed between Lamb and Townsel, and it did not, even if it did, that relationship would be irrelevant. To impose a constructive trust, Hampton must prove a confidential relationship between herself and Lamb.[18] A review of case law finds only two instances where a constructive trust has been imposed that involved a joint tenancy: (1) when one joint tenant withdraws all the funds held in a joint account after the death of a joint tenant

---

[12] *Horton v. Koner*, 12 Ark. App. 38, 43, 671 S.W.2d 235, 239 (1984) (citing *Henry v. Goodwin*, 266 Ark. 95, 583 S.W.2d 29 (1979)).

[13] *Id.*, 12 Ark. App. 38, 44, 671 S.W.2d at 239 (citing *Bramlett v. Selman*, 268 Ark. 457, 597 S.W.2d 80 (1980)).

[14] *Wright v. Union Nat. Bank of Arkansas*, Little Rock, Ark., 307 Ark. 301, 305, 819 S.W.2d 698, 701 (1991) (citing Andres v. Andres, 1 Ark. App. 75, 613 S.W.2d 404 (1981)).

[15] See *Id.* (citing *Beeson v. Beeson*, 11 Ark. App. 79, 667 S.W.2d 368 (1984) ("although a family relationship by itself is not sufficient to establish a constructive trust, in the absence of estrangement or other circumstances contradicting confidentiality, a confidential relationship may be established by showing a close relationship between a mother and father and a brother and sister.)

[16] *Horton, supra.* (citing *Bramlett v. Selman*, 268 Ark. 457, 597 S.W.2d 80 (1980)).

[17] *Wright, supra.* (citing *Waller v. Waller*, 15 Ark. App. 336, 693 S.W.2d 61 (1985)).

[18] See *Tripp v. C.L. Miller*, 82 Ark. App. 236, 245, 105 S.W.3d 804, 810 (2003).

with a still-living joint tenant;[19] (2) when one joint tenant has a fiduciary relationship with the other joint tenant and/or all the funds were contributed by non-withdrawing-joint tenant.[20] Neither circumstance applies to these facts.

28. Lamb is entitled to be declared the rightful owner of her account held by JTWRS with Townsel and have the "freeze" on her account removed.

29. This court is further advised that despite Townsel dying intestate, Lamb has paid, *inter alia*, the following out of the same account:

    a. $19,000 to Hampton, *See* Exhibit N, Copy of April 30, 2014 Cashier's Check to Nancy Hampton;[21]

    b. $8,768.34 to pay off the mortgage on Townsel's residence, *See* Exhibit O, Copy of Check and Regions Payment thereof; and

    c. $3,301.00 for Townsel's funeral.[22] *See* Exhibit P, Copy of Check and Receipt for Payment thereof.

---

[19] *See South v. Smith*, 326 Ark. 774, 783, 934 S.W.2d 503, 508 (1996) (where a constructive trust was or would have been imposed when one joint tenant died and another joint tenant removed all funds from account, but other surviving joint tenant died almost immediately after the withdrawal; also *see* *Dent v. Wright*, 322 Ark. 256, 262, 909 S.W.2d 302, 305 (1995); and *Savage v. McCain*, 21 Ark. App. 50, 728 S.W.2d 203 (constructive trust imposed when one joint tenant removed all funds from accounts held jointly and deposited the same in accounts solely in her name).

[20] *See Dent v. Wright*, 322 Ark. 256, 259, 909 S.W.2d at 303 (where one joint tenant, with a power of attorney over the other joint tenant, withdrew funds from a joint account where the second joint tenant placed all the funds in the account, the funds removed were held to be in constructive trust by withdrawing-joint-tenant for the depositing-joint-tenant; "a joint tenant may not, by withdrawing funds in a joint tenancy, acquire ownership to the exclusion of the other joint tenant).

[21] Additionally, Hampton received Townsel's vehicle and motorcycle. Hampton now resides in Townsel's residence. Hampton's sisters, Elisha and Pamela, received $19,000 and $8,300, respectively.

30. It was after Lamb made these and other payments, out of the kindness of her heart, for the benefit of her brother and his children, that Hampton requested the freeze on her account.

31. Beyond her answer to Regions' Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief, Hampton has not responded to any of Regions, or Lamb's, filed pleadings.[23]

32. With the exceptions of offers of settlement, Hampton has not directly notified Lamb of any basis for her request for the freeze on Lamb's account as she has filed no pleadings and has not directly corresponded with Lamb. To the best of Lamb's knowledge, all potential arguments which Lamb has learned of, and addressed herein, were learned either from correspondence from Hampton's counsel to Regions' counsel or directly from Regions' counsel as it was informed by Hampton's counsel.

33. Regions filed a Motion for Interpleader on March 2, 2015, seeking to deposit the $78,484.35 in funds from Lamb's account in the registry of the court after taking $2,284.73 for expenses, and be dismissed from the case it unnecessarily started. *See* Exhibit Q, Motion for Interpleader.

34. Separate Defendant Lamb's Response to Plaintiff's Motion for Interpleader and Brief in Support was filed on March 11, 2015.  Therein, she denied that interpleader was necessary or that Regions was entitled to costs, expenses and attorney's fees, because Regions admitted that Lamb was the rightful owner of the account by JTWRS and

---

[22] Lamb wrote an additional check on May 2, 2015, for $1,500 to pay for Townsel's headstone at his grave; however, this check was not honored due to Regions having imposed a "freeze" on the account by this time.

[23] As far as her own pleadings, she has filed only a Request for Production of Documents to Regions Bank and nothing to Lamb.

therefore either had no authority to place the hold on Lamb's account or, alternatively, caused its own asserted detriment by placing the hold and therefore should be responsible for its own costs, expenses and attorney's fees. *See* Exhibit R, Separate Defendant Lamb's Response to Plaintiff's Motion for Interpleader and Brief in Support.

35. Arkansas Rule of Civil Procedure 22(b) states that "[t]he court may make an award of reasonable litigation expenses, including attorneys' fees[.]" Use of the word "may" means the trial court is authorized, but not required, to award attorney's fees.[24]

36. Regions should be denied attorney's fees that were garnered by its own detrimental and unnecessary actions.[25] Alternatively, Hampton should be ordered to pay the entirety of Regions attorney's fees for bringing a meritless claim against the account.

37. Regions then filed a Motion for Voluntary Dismissal on February 3, 2016. *See* Exhibit S, Motion for Voluntary Dismissal.

38. Lamb filed her Response to Plaintiff's Motion for Voluntary Dismissal and Brief in Support on February 8, 2016, in which she objected to Regions Motion for Voluntary Dismissal on the grounds that sufficient evidence had been presented to the court to prove, as a matter of law, that Lamb is the rightful owner of the account by JTWRS, thereby making interpleading of the funds into the court's registry unnecessary. *See*

---

[24] See *Lowder v. Gregory*, 451 S.W.3d 220 (citing *Wye Comm. Club, Inc. v. Harmon*, 26 Ark. App. 247, 764 S.W.2d 55 (1989) ("The word "may" is generally permissive rather than mandatory").

[25] The argument in Paragraphs 20 and 21 also are made regarding Region's request for attorney's fees it its Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

Exhibit T, Response to Plaintiff's Motion for Voluntary Dismissal and Brief in Support.

39. The circuit court granted Regions' Motion for Voluntary Dismissal in its order which was dated February 3, 2016, but which was filed on February 10, 2016. *See* Exhibit U, Order Granting Dismissal Without Prejudice.

40. With the exception of the Regions' Motion for Voluntary Dismissal, none of the listed motions have been ruled on.

41. Lamb requests that this court enter an order declaring the funds in the above-referenced Regions checking account to be Lamb's by joint tenancy with right of survivorship.

WHEREFORE, Lamb prays that this Court grants Lamb's motion for declaratory judgment and declares Lamb the rightful owner of the account by JTWRS, or alternatively, grants Lamb's motion to show cause and orders Hampton to show cause why her requested freeze on Lamb's account should not be lifted; dismisses Hampton's claims to the account; denies Regions request for attorney's fees, or alternatively, orders Hampton to pay the entirety of Regions costs, expenses and attorney's fees; awards Lamb reasonable costs, expenses and attorney's fees, and all other just and appropriate relief to which she is entitled.

Respectfully Submitted,

*Eric Spencer Buchanan*

THE BUCHANAN FIRM, P.A.
Eric Spencer Buchanan, Esq.
P.O. Box 166643
Little Rock, AR 72216
(501) 376-7540 (o)
(501) 376-3552 (f)
Ark. Bar No. 94-151
Eric.Buchanan@TheBuchananFirm.com

## CERTIFICATE OF SERVICE

I, Eric Spencer Buchanan, individually and on behalf of The Buchanan Firm, P.A., do hereby certify that a copy of the forgoing document was mailed to Regions via Attorney Edie R. Ervin, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201 and Separate Defendant Nancy Hampton by mailing a copy to her Attorney, Ronald C. Wilson, 310 Mid-Continent Plaza, Suite 110 West Memphis, AR 72301, on February 15, 2016.


_____
Eric Spencer Buchanan, Esq.

WILLIE TOWNSEL
OR ARBERTDELLA LAMB
2600 E Jackson Ave
West Memphis, AR 72301

1206

81-10/820

DATE

PAY TO THE
ORDER OF _____ $ _____

_____ DOLLARS

*VOID*

**REGIONS**

FOR _____

⑈08 2000 109⑈: 0116820886⑈01206

PLAINTIFF'S
EXHIBIT

A

STATE OF ARKANSAS

**ARKANSAS DEPARTMENT OF HEALTH**
Vital Records
**CERTIFICATE OF DEATH**

FILE NUMBER: 2014005529

| 1. DECEDENT'S LEGAL NAME (Include AKA's if any) (First, Middle, Last, Suffix) WILLIE TOWNSEL | 2. SEX MALE | 3a. DATE OF DEATH APR. 4, 2014 | 3b. TIME OF DEATH 18:46 |
|---|---|---|---|

| 4. SOCIAL SECURITY NO. 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 | 5a. AGE – Last Birthday (Years) 66 | 5b. UNDER 1 YEAR Months   Days | 5c. UNDER 1 DAY Hours   Minutes | 6. DATE OF BIRTH SEPTEMBER 12, 1947 | 7. BIRTHPLACE (City and State or Foreign Country) EARLE, AR |
|---|---|---|---|---|---|

| 8a. RESIDENCE STATE or FOREIGN COUNTRY ARKANSAS | 8b. COUNTY CRITTENDEN | 8c. CITY OR TOWN WEST MEMPHIS | | |
|---|---|---|---|---|
| 8d. NUMBER AND STREET 2600 E JACKSON AVE | | 8e. APT. NO. | 8f. ZIP CODE 72301-6030 | 8g. INSIDE CITY LIMITS? YES |

| 9. EVER IN US ARMED FORCES? YES | 10. MARITAL STATUS AT TIME OF DEATH WIDOWED (NOT REMARRIED) | 11. SURVIVING SPOUSE'S NAME (If wife, give name prior to first marriage.) |
|---|---|---|

| 12a. IF DEATH OCCURRED IN A HOSPITAL EMERGENCY ROOM / OUTPATIENT | 12b. IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL | 12c. COUNTY OF DEATH PULASKI |
|---|---|---|
| 12d. FACILITY NAME (If not institution, give number & street) BAPTIST HEALTH MEDICAL CENTER - NLR | 12e. CITY OR TOWN NORTH LITTLE ROCK | 12f. ZIP CODE 72117-2922 |

| 13. FATHER'S NAME (First, Middle, Last) CLARENCE TOWNSEL | 14. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last) AGNES OPAL LEE SPENCER |
|---|---|

| 15a. INFORMANT'S NAME ARBERT DELLA LAMB | 15b. RELATIONSHIP TO DECEDENT SISTER | 15c. MAILING ADDRESS (Number and Street or PO Box, City, State, Zip Code) 315 HIGHWAY 64, WYNNE, AR, 72396-7595 |
|---|---|---|

| 16a. METHOD OF DISPOSITION: BURIAL | |
|---|---|
| 16b. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) PARADISE GARDENS CEMETERY | 16c. LOCATION – CITY, TOWN, AND STATE EDMONDSON, ARKANSAS |

| 17a. EMBALMER'S NAME RODNEY E WILLIAMS | 17b. EMBALMER'S LICENSE # 20592 | 17c. SIGNATURE (FUNERAL SERVICE LICENSEE OR OTHER AGENT) /s/ LARRY D WOLFE | |
|---|---|---|---|
| 17d. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY WOLFE BROTHERS FUNERAL HOME, INC. 128 S. SEVENTH, WEST MEMPHIS, AR, 72303 | | | 17e. LICENSE # 398 |

| 18a. DATE PRONOUNCED DEAD APR. 4, 2014 | 18b. TIME PRONOUNCED DEAD 18:46 | 18c. NAME AND TITLE OF PERSON PRONOUNCING DEATH (PRINT / TYPE) JEFF KIRCHNER, MD | 19. WAS MEDICAL EXAMINER OR CORONER CONTACTED? YES |
|---|---|---|---|

**CAUSE OF DEATH**

20. PART I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line.

|  |  | APPROXIMATE INTERVAL: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) ···········> a. CHRONIC OBSTRUCTIVE PULMONARY DISEASE | Due to (or as a consequence of) | UNKNOWN |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. b. _____ | Due to (or as a consequence of) | |
| c. _____ | Due to (or as a consequence of) | |
| d. _____ | | |

| PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I. ETHANOL ABUSE, ANEMIA | 21a. WAS AN AUTOPSY PERFORMED? NO |
|---|---|
| | 21b. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |

| 22. MANNER OF DEATH NATURAL | | |
|---|---|---|
| 23. DID TOBACCO USE CONTRIBUTE TO DEATH? UNKNOWN | 24. IF FEMALE | |

| 25a. DATE OF INJURY (Mo/Day/Yr) | 25b. TIME OF INJURY | 25c. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) | 25d. INJURY AT WORK? |
|---|---|---|---|
| 25e. LOCATION OF INJURY (Number, Street, Apartment No., City, State, Zip Code) | | | |
| 25f. DESCRIBE HOW INJURY OCCURRED | | 25g. IF TRANSPORTATION INJURY, SPECIFY | |

26a. CERTIFIER (Check only one):
☐ Coroner – On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

| SIGNATURE: /s/ GERONE Q HOBBS | TITLE: CORONER | DATE: APRIL 15, 2014 |
|---|---|---|
| 26b. NAME AND COMPLETE MAILING ADDRESS OF PERSON SIGNING ITEM 26a. (Type / Print) GERONE Q HOBBS, CORONER 201 S BROADWAY, #340, LITTLE ROCK, AR, 72201 | | 26c. LICENSE # |

| 27a. SIGNATURE OF REGISTRAR   Paul W. Johnson | 27b. FOR REGISTRAR ONLY - DATE FILED APR. 15, 2014 |
|---|---|

· DENOTES AMENDED ITEMS:

PLAINTIFF'S EXHIBIT
B

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THE ARKANSAS DEPARTMENT OF HEALTH

SEAL

Paul W. Johnson
State Registrar

4174485

4174485

WARNING: A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACCEPT UNLESS EMBOSSED SEAL OF THE ARKANSAS DEPARTMENT OF HEALTH IS PRESENT. IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS DOCUMENT.

VR-112

Sales and Service

**REGIONS**

**Personal Account Maintenance and Signature Form**

| | CHECKING | | 0116820886 | 053 |
| --- | --- | --- | --- | --- |
| | ACCOUNT TYPE | | ACCOUNT # | |

| Existing Account Description | New Account Description |
| --- | --- |
| WILLIE TOWNSEL | ARBERTDELLA LAMB |
| OR ARBERTDELLA LAMB | |

**NEW ACCOUNT OWNERSHIP** (if remaining owner, information and signature required to add or delete owner or authorized signer)

| ARBERTDELLA LAMB | 07/17/1952 | | |
| --- | --- | --- | --- |
| CUSTOMER NAME | DATE OF BIRTH | CUSTOMER NAME | DATE OF BIRTH |
| 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   SOLE OWNER | | | |
| SSN/TIN | RELATIONSHIP (Joint Owner, Authorized Signer, P.O.D.) | SSN/TIN | RELATIONSHIP (Joint Owner, Authorized Signer, P.O.D.) |
| AR DL 903228738 07/02/2010 07/02/2014 | | | |
| PRIMARY ID (Type of Country, ID Type, ID#, Issue & Exp. Date) | | PRIMARY ID (Type of Country, ID Type, ID#, Issue & Exp. Date) | |
| SECONDARY ID | | SECONDARY ID | |
| 315 HIGHWAY 64 WYNNE AR 72396-7595 | ☐ NEW TO ACCOUNT | | ☐ NEW TO ACCOUNT |
| CUSTOMER PHYSICAL STREET ADDRESS | | CUSTOMER PHYSICAL STREET ADDRESS | |

| | | | |
| --- | --- | --- | --- |
| CUSTOMER NAME | DATE OF BIRTH | CUSTOMER NAME | DATE OF BIRTH |
| SSN/TIN | RELATIONSHIP (Joint Owner, Authorized Signer, P.O.D.) | SSN/TIN | RELATIONSHIP (Joint Owner, Authorized Signer, P.O.D.) |
| PRIMARY ID (Type of Country, ID Type, ID#, Issue & Exp. Date) | | PRIMARY ID (Type of Country, ID Type, ID#, Issue & Exp. Date) | |
| SECONDARY ID | | SECONDARY ID | |
| CUSTOMER PHYSICAL STREET ADDRESS | ☐ NEW TO ACCOUNT | CUSTOMER PHYSICAL STREET ADDRESS | ☐ NEW TO ACCOUNT |

**DELETE OWNERSHIP**

| WILLIE TOWNSEL | |
| --- | --- |
| CUSTOMER NAME | 04/04/2014 | CUSTOMER NAME | |
| In case of account sale or Date of Death, | In case of Death, Date of Death, |
| Death Certificate Verified for number etc. | Death Certificate Verified for, date, etc. |
| (Customer Signature - Not required in case of death) | (Customer Signature - Not required in case of death) |
| SIGNATURE | SIGNATURE |
| CUSTOMER NAME | CUSTOMER NAME |
| In case of death, Date of Death, | In case of death, Date of Death, |
| Death Certificate Verified for, date, etc. | Death Certificate Verified for, date, etc. |
| (Customer Signature - Not required in case of death) | (Customer Signature - Not required in case of death) |
| SIGNATURE | SIGNATURE |

**W-9 CERTIFICATION** (If primary owner who is changing, the Signature Card section below must be completed and signed by the primary owner.)

Certification: By signing below, I certify, under penalties of perjury, that (1) the number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because, (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, (3) I am a U.S. person (including U.S. resident alien) as defined in the full instructions of the W-9. If I am not a US citizen or resident, I agree to provide Form W-8, and (4) I am exempt from foreign Account tax Compliance Act (FATCA) reporting. NOTE: You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of under reporting interest or dividends on your tax return.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

**Signature Card**

| SIGNATURE   ARBERTDELLA LAMB | DATE |
| --- | --- |
| SIGNATURE | DATE |
| SIGNATURE | DATE |
| SIGNATURE | DATE |

NOTE: This signature card replaces any and all previous signature cards for this account. However, Regions Bank shall have a reasonable opportunity to act upon the signature card and shall not be liable for any action it takes in good faith and through the exercise of ordinary care on the basis of information contained in previous signature cards for this account.

By signing, I acknowledge receiving and agree to each and every term, condition, and provision of the Deposit Agreement (including without limitation, the ARBITRATION AND WAIVER OF JURY TRIAL provisions thereof and the provisions for changing the terms thereof) and related disclosures for this account.

**BRANCH ASSOCIATE INFORMATION**

| BONNIE ROBINSON | 04/23/2014 | | 00432 WEST MEMPHIS MAIN |
| --- | --- | --- | --- |
| NAME | DATE DONE | | BRANCH NUMBER/NAME |

**NOTARIZATION** (An assignee must be performed in the presence of a branch associate require notarization.)

State of _____   County of _____
HEREBY CERTIFY that on this the _____ day of _____, 20___, before me, the undersigned notary, personally appeared _____

☐  personally known to me   OR
☐  proved to me through identification document allowed by law _____
and who

☐  signed the preceding or attached document in my presence as
☐  acknowledged before me that (he/she joins with voluntary execution) for the general or specific purpose contained herein

NOTARY PUBLIC   My Commission Expires _____ / _____ / _____

Rev 3/2014
Form # 52147

Distribution: Original - CMI Operations
Copy - Customer

PLAINTIFF'S EXHIBIT
C

02/05/2016 FRI 14:06   FAX 1 870 731 2859 Bank of McCrory                          Ø021/025



Sales and Service

### THE FOLLOWING TERMS ARE FOR CUSTOMERS WITH PERSONAL ACCOUNTS OPENED IN THE STATES REGIONS BANK HAS BRANCHES.

Each person signing on the reverse side agrees to be bound by Regions Bank (the "Bank") Deposit Agreement, and pricing schedule for the account indicated on the reverse side hereof as are now in force and as they may be amended from time to time hereafter and hereby acknowledges receipt of a copy of the applicable agreement now in force.

If the account is a joint account, withdrawals of funds on deposit may be in whole or in part upon the order of either or any of the parties authorized on the reverse side to sign withdrawal orders on the account ("Account Owner") subject to the deposit agreement.

Unless otherwise noted on this card, a joint account is owned by the parties whose signatures appear on the reverse side and/or who are added to the account as joint tenants with right of survivorship. You should consult your tax advisor to determine the type of account ownership which best suits your needs.

The Bank shall not be obligated to pay, but in its discretion may pay, any check which causes an account to be overdrawn. All cosigners on a joint account which becomes overdrawn shall be jointly and severally liable for and guarantee payment to Bank the full amount of any overdraft regardless of whether such cosigner knew about or participated in the transaction creating the overdraft of received funds or otherwise derived a benefit as a result of the overdraft.

If the action noted on the reverse side is an account conversion, the conversion is effective one (1) business day after the business day the signed form is received by the Bank. If the conversion card is received by the Bank after 2:00 pm, it shall be considered as having received on the next business day. For purposes of this provision, Saturday is not a business day. If the action noted involves conversion to or from a truncated account, the conversion shall be effective on the first day of the next statement cycle.

If your account is converted for any reason from an interest-bearing to non-interest bearing account before interest is credited, you will not receive the accrued interest.

The Bank shall not be obligated to pay, but in its discretion may pay, any check which causes an account to be overdrawn. All cosigners on a joint account which becomes overdrawn shall be jointly and severally liable for and guarantee payment to the Bank of the full amount of any overdraft regardless of whether such cosigner knew about or participated in the transaction creating the overdraft or received funds or otherwise derived a benefit as result of the overdraft.

### OWNERSHIP EXPLANATION/DEFINITION

**SOLE OWNER.** Only one person has a present ownership interest in the account. Available funds remaining in the account upon the sole owner's death are thereafter owned by the decedent's estate, unless a POD Beneficiary is designated on the account.

**CO-OWNER.** Multiple persons have a present ownership interest in the account. Co-owners have an undivided interest in the account as Joint Tenants with the Right of Survivorship (JWROS), unless prohibited by state law, and share a full and undivided interest in the entire account.

**JWROS (Joint Tenants with Right of Survivorship).** Multiple persons have a present ownership interest in the account. The account shall become the property of each owner as joint tenants, and any survivor is entitled to all available funds even if a predeceasing tenant had a Will specifically directing disposition to someone else. The Bank may release all available funds remaining in the account, or honor checks or orders drawn by, or withdrawal requests from a surviving tenant upon the death of any joint tenant.

**AAS (Additional Authorized Signatory).** This individual has no ownership interest in the account. Such designation shall mean that the person named as additional authorized signatory shall have the authority during the owner's lifetime to withdraw funds from the deposit account. The bank may release all available funds remaining in the account, or honor checks or orders drawn by, or withdrawal requests from such authorized signatory until notified of revocation of such authority.

**POD (Payable on Death Beneficiary).** Upon the death of the last surviving owner, available funds remaining in the account are thereafter owned by and will be distributed in equal shares to the designated and surviving POD(s). In Louisiana, only the account owner's immediate family (spouse, one or more children, grandchildren, parents or siblings) may be designated as POD.

**TIC (Tenants in Common).** Multiple persons have a present ownership interest in the account. TICs have full rights to possess the entire account, as Tenants in Common, with no survivorship rights. Upon the death of a TIC, a percentage of the available balance percentage equivalent to the decedent's ownership interest is thereafter owned by the decedent's estate.

**TBE (Tenants by the Entireties).** Unless otherwise agreed, husband and wife have a present and undivided ownership interest in the account, with survivorship rights upon the death of the other. Both husband and wife must consent to spending or encumbrance of available funds.

Additional terms of understanding regarding these designations may be found in the Deposit Agreement and separate letter signed by the customers and delivered with this agreement.

Rev 3/2014
Form # 52147

Distribution: Original - CMI Operations
Copy - Customer

# DEPOSIT AGREEMENT



Member FDIC

© 2012 Regions Bank. All Rights Reserved



PLAINTIFF'S
EXHIBIT

D

A stop-payment order can only be renewed by our receipt prior to the order's expiration date of your written stop-payment request, which must provide complete information concerning the item to be stopped. A written renewal of your stop-payment order will be effective for an additional six-month period. Stop payment requests and renewal requests are subject to our then-current service charges for such items as set out in our pricing schedule at the time of your request. If we recredit your account after paying an item over a valid stop payment order, you agree to transfer to us in writing all of your rights against the payee or other holder of the item and to assist us in legal action against that person. We are not required to release a stop payment order unless requested to do so by the person placing the order. If we fail to honor a timely and accurate stop order, we reserve the right not to recredit your account unless you can demonstrate the fact and amount of your loss.

You do not have the right to stop payment on an official check, a cashier's check, a teller's check, a certified check, a money order or a traveler's check you have purchased from us. These are instruments on which the bank itself is or may be obligated. However, if a bank instrument you purchased is lost or stolen, you may obtain a replacement check, provided that we have not already paid the lost item. To obtain a replacement check or get your money back, you must execute such affidavits and indemnification agreements and/or furnish such bonds as we may require in our discretion. In general, your claim will become enforceable in 90 days. Once it becomes enforceable, we will issue a replacement check or refund your money if we have not already paid the lost item.

23.    Multi-Party Accounts.  If your account is a personal account and has more than one name on it, we will treat it as a joint tenant account with right of survivorship (to the extent such accounts are recognized under applicable law) unless otherwise expressly designated on the signature card or other account records.  We may require you to sign additional forms to establish the account.  Each depositor of a multi-party account hereby appoints the other(s) as his or her attorney-in-fact and/or duly authorized agent to conduct all business with respect to the account including, but not limited to, issuing stop payment orders, depositing funds to the account, withdrawing funds from the account, closing the account and receiving the balance of funds on deposit, and endorsing any item payable to any other depositor (or payable jointly to any other depositor and any other person) and either depositing the item in the account or receiving all or any part of the item in cash. The authority granted herein to each depositor shall extend to any conservator, guardian, or other fiduciary or personal representative of such depositor. Where applicable law requires your concurrence in any transaction or business regarding or affecting your account, you expressly authorize each other depositor on your account to individually concur on your behalf as your attorney-in-fact or agent, and the authorization of any such transaction or business by any such other depositor constitutes your concurrence without any further action or expression on the part of such other depositor or on your part.  Subject to any other provisions of this Agreement relating to our procedures, conditions, requirements, and discretion as to powers of attorney, each depositor also may appoint one or more attorneys-in-fact without notice to or consent of any other depositor, and no other depositor will have the authority to revoke or limit the power of attorney made by another depositor.  To the extent not prohibited by applicable law, we may, at our discretion, require that all depositors sign the power of attorney before we will recognize it. We are not required to remove a depositor from the title to a multi-party account without the written consent of the other depositor(s). The liability of each depositor on a multi-party account is joint and several (and solidarily if applicable).

24.    Formal Trust Account.  A formal trust account is an account held by one or more trustees for the benefit of one or more beneficiaries according to a written trust agreement or a will provided to us at the

18

# IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

REGIONS BANK                                                      PLAINTIFF

v.                        No. 19CV-14-85

ARBERTDELLA LAMB  and
NANCY HAMPTON, as Administratrix for
The Estate of Willie Townsel                                     DEFENDANTS

## VERIFIED COMPLAINT IN INTERPLEADER OR, ALTERNATIVELY, FOR DECLARATORY RELIEF

COMES NOW, REGIONS BANK ("Regions"), by and through its undersigned counsel, FRIDAY, ELDREDGE & CLARK, and, for its Complaint in Interpleader against ArbertDella Lamb, and Nancy Hampton, as Administratrix for the Estate of Willie Townsel, states:

### I. JURISDICTION AND VENUE

1.      This is an action for Interpleader pursuant to Rule 22 of the Arkansas Rules of Civil Procedure.  Alternatively, this is an action for declaratory relief under Ark. Code Ann. § 16-116-101 *et seq*.  This Court has jurisdiction over this action pursuant to Ark. Code Ann. § 16-13-201.

2.      Venue is proper in this district pursuant to Ark. Code Ann. § 16-60-116 because Defendant ArbertDella Lamb is a resident of Cross County, Arkansas.

### II. THE PARTIES

3.      Plaintiff Regions is an Alabama banking corporation with its principal place of business in Birmingham, Alabama.

4.      Defendant ArbertDella Lamb, on information and belief, is an individual resident of Cross County, Arkansas.


**PLAINTIFF'S EXHIBIT**
*E*

Page 1 of 7

FILED - RHONDA SULLIVAN
CLERK AND EX-OFFICIO RECORDER
14:41
SEP 03 2014
CROSS COUNTY, ARKANSAS
BY _____ D.C.

5.      Defendant Nancy Hampton, on information and belief, is an individual resident of Memphis, Tennessee who has been appointed as the Administratrix of the Estate of Willie Townsel, deceased.

### III. FACTS RELEVANT TO ALL COUNTS

6.      On or about May 18, 2009, ArbertDella Lamb and Willie Townsel opened a Checking Account (xxxx-0886) (hereafter, "the Account") with Regions.

7.      The Account was titled "Willie Townsel or ArbertDella Lamb."

8.      On or about April 4, 2014, Willie Townsel died.

9.      On or about April 23, 2014, Ms. Lamb presented a death certificate for Willie Townsel to Regions' employees or agents and requested that the Account be changed to her name alone.  Regions removed Mr. Townsel's name from the Account.  Since then, Ms. Lamb has been listed as the sole owner of the Account.

### IV. THE CONTRACTUAL AGREEMENT BETWEEN REGIONS, LAMB AND TOWNSEL

10.     From the date the Account was initially opened to the present, all the contractual rights and duties of Regions, Mr. Townsel and Ms. Lamb were set forth in a written Deposit Agreement.  A true and accurate copy of relevant provisions of the Deposit Agreement in effect when the Account was opened is attached hereto as Exhibit A.  The Deposit Agreement at Paragraph 22 provides:

> If your account is a personal account and has more than one name on it, we will treat it as a joint tenant account with right of survivorship (to the extent such accounts are recognized under applicable law) unless otherwise expressly designated on the signature card or other account records.

11.     Over the years, the applicable Deposit Agreement was amended, but there was no material change to the terms regarding multi-party accounts. Attached as Exhibit B are relevant portions of the Deposit Agreement in effect as of March 2014, which would include the date Mr. Townsel died and the date that the Account ownerships was changed to Ms. Lamb's name only.

12.     Before filing this action, Regions searched its account records for any express designation or any other evidence that would alter the presumption that the Account at all times was a joint tenant account with right of survivorship. It found none. That such evidence does not exist is further supported by the fact that the Account title was permitted to be changed at Ms. Lamb's request. Before Mr. Townsel's name could have been removed from the Account, established policy and procedure would have required that the account records be reviewed to verify the joint ownership status of the Account. The change in Account ownership would not have been permitted if anything had been found that suggested that Ms. Lamb was placed on the Account as an authorized signatory and not as a joint owner.

13.     The current Deposit Agreement provides that in the event of a dispute "about who owns or is entitled [to] any funds on deposit in an account," Regions has the following rights:

> At our option, however, we may place a "hold" on funds until resolution of the controversy, or we may accept an indemnity satisfactory to us, or we may deposit the funds with a court until a court order directs us to do otherwise. If we incur attorneys' fees, costs or expenses to resolve the issues specified in this paragraph, you agree to reimburse us for those sums we incur.

(Deposit Agreement, Exh. B at ¶ 33).

14.     Because the Account was established in Arkansas, Arkansas substantive law applies to any dispute. *See* Deposit Agreement, Exhibits A and B, at ¶ 44.

## V.      THE ADVERSE CLAIMS TO THE FUNDS IN THE ACCOUNT

15.    On April 30, 2014, Nancy Hampton was appointed Administratrix of the Estate of Willie Townsel (hereinafter "the Administratrix").   A copy of the Order of Appointment is attached hereto as Exhibit C.

16.    On or about May 1, 2014, Regions received written demand from an attorney on behalf of the Administratrix requesting that all funds previously held in Mr. Townsel's account be "frozen."   A copy of this letter is attached hereto as Exhibit D.   Regions has subsequently been notified that there may be a dispute as to whether Mr. Townsel died intestate or with a will, with the implicit suggestion that this may have some implication as to the ownership of the funds in the Account.

17.    Regions has also received notice from counsel for Ms. Lamb that she disputes any claim to the Account funds made by the Administratrix or any alleged heirs or beneficiaries of Mr. Townsel.   As an example, Regions received written notice from Ms. Lamb's counsel, dated June 24, 2014, asserting that she is the sole owner of the funds from the Account.   A copy of this letter is attached hereto as Exhibit E.

18.    The dispute over the rightful ownership of the funds in the Account is ongoing and there is no indication that the parties will be able to resolve the dispute, absent court intervention.

19.    Due to the competing claims, Regions has placed a hold on the Account.   The Account balance is Eighty Thousand Six-Hundred Sixty-Five Dollars and Four Cents ($80,665.04).

20.    Regions is or may be exposed to double or multiple liability as a result of the present dispute.

## VI.   REQUESTED RELIEF

21.    Pursuant to its contractual right of interpleader and Ark. R. Civ. P. 22, Regions seeks an Order interpleading the funds in dispute to be held by this Court in an interest-bearing account until further Order of this Court.  If the funds are interpled, Regions requests that this Court reimburse it from the proceeds to be deposited for its costs, expenses and attorney's fees incurred.

22.    Alternatively, pursuant to the Arkansas Declaratory Judgment Act, § 16-111-101, *et seq.* Regions seeks an Order declaring that ArbertDella Lamb is the rightful owner of the Account and thus, that Regions may unfreeze the Account without risk of liability to the Administratrix or other third-parties who may claim an interest in the Account by virtue of being a descendant, heir or intended beneficiary of Willie Townsel.  Arkansas recognizes and respects joint tenant ownership with right of survivorship of personal property.  Accordingly, under the applicable contractual agreement, all right, title and interest in the Account funds would have automatically passed to ArbertDella Lamb upon the death of the joint account holder, Willie Townsel.  Whether Mr. Townsel died intestate or with a will is therefore irrelevant to the resolution of this matter.

WHEREFORE,  PREMISES  CONSIDERED,  Regions  prays  that  the  Defendants ArbertDella Lamb, and Nancy Hampton, as Administratrix of the Estate of Willie Townsel, be required to interplead their claims to the Account, that Regions be permitted to deposit the amounts in the disputed account into the registry of the Court into an interest bearing account and that upon such deposit it be dismissed from this action and discharged from any further liability relating with respect to the Account, that Regions recover its costs and attorneys' fees herein expended pursuant to Rule 22(b) of the Arkansas Rules of Civil Procedure, the Deposit

Agreement, and Ark. Code Ann. § 16-22-308.   Alternatively, the Court should enter a declaratory judgment stating that ArbertDella Lamb is the true and lawful owner of the Account. Regions also requests and other and further relief to which it is entitled.

Respectfully submitted,

**FRIDAY, ELDREDGE & CLARK**
400 West Capitol, Suite 2000
Little Rock, Arkansas  72201
(501) 370-3330 (Telephone)
(501) 537-2939 (Facsimile)
eervin@fridayfirm.com

By:

EDIE R. ERVIN, Ark. Bar No. 93198

**ATTORNEYS FOR REGIONS BANK**

**[Verification on Next Page]**

## VERIFICATION

STATE OF NORTH CAROLINA)
                               ) ss
COUNTY OF GASTON         )

      Kimberly Townsley, being duly sworn on her oath, states that she is a Vice President of Regions Bank, that she has authority to sign and verify the Complaint, has read the foregoing Complaint and that the factual statements contained therein are true and accurate based on personal knowledge or from a review of business records unless otherwise stated.

                                             Kimberly Townsley

Subscribed and sworn to before me this 29th day of August, 2014.

                                         NOTARY PUBLIC

My Commission Expires: 01-28-2019





**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**PROBATE DIVISION**

IN THE MATTER OF THE ESTATE
OF WILLIE TOWNSEL, Deceased                    PR-2014-___

**PETITION TO ADMINISTER ESTATE AND**
**APPOINTMENT OF PERSONAL REPRESENTATIVE**

Comes Nancy Hampton, whose address is 1337 Ridgeway Street, Memphis, Tennessee 38106, and whose interest in the estate of the decedent is that of an heir, petitions that Letters of Administration of the estate of said decedent be issued. The facts, so far as they are known to or can reasonably be ascertained by Petitioner:

A. Decedent. The decedent, Willie Townsel, age 66, who resided at 2600 East Jackson Avenue, West Memphis, Crittenden County, Arkansas, died intestate in Little Rock, Arkansas, on or about the 4th day of April, 2014.

B. Surviving Heirs. The surviving heirs at law of the decedent, and their respective ages, relationships to the decedent, and present residence addresses are as follows:

| NAME | AGE | RELATIONSHIP | ADDRESS |
|------|-----|--------------|---------|
| Pamela Donnerson | Adult | Daughter | 7679 Lionsgate Pkwy Davison, Michigan |
| Elisha Simmons Townsel | Adult | Daughter | 3935 Soapstone Drive Memphis, Tennessee |
| Nancy Hampton | Adult | Daughter | 1337 Ridegway Street Memphis, TN 38106 |

C. That there are no known unsecured creditors and/or claims against decedent's estate.

D. Value of Estate. The probable value of the estate of the decedent is as



**PLAINTIFF'S EXHIBIT**
F

follows:

|  |  |
|---|---|
| Real Property | TO BE DETERMINED |
| Personal Property | TO BE DETERMINED |

E. Person to Be Appointed.   Petitioner nominates herself for appointment as administrator of the estate.  Petitioner is qualified to be so because she is a surviving heir.

WHEREFORE, Petitioner prays that this Court enter an order determining the fact of the death and intestacy of the decedent, and that letters of Administration be issued appointing Petitioner as administratrix of decedent's estate.

Respectfully submitted,

NANCY HAMPTON, Petitioner

WILSON & ASSOCIATES, P.A.
ATTORNEYS AT LAW
P O BOX 1299
WEST MEMPHIS AR 72303
(870) 735-2940

By: _____
Ronald C. Wilson
Attorney for Petitioner

## VERIFICATION

**STATE OF ARKANSAS**

**COUNTY OF CRITTENDEN**

    The undersigned, being first duly sworn, state on oath that the facts set forth in the foregoing are true and correct to the best of her knowledge, information and belief.

**NANCY HAMPTON**

SUBSCRIBED and SWORN to before me this _28th_ day of _April_

**NOTARY PUBLIC**

My Commission Expires:

_01-05-2015_

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
PROBATE DIVISION

AT_____O'CLOCK_____M

**IN THE MATTER OF THE ESTATE**
**OF WILLIE TOWNSEL, Deceased**

APR 3 0 2014

PR-2014-79

PAULA BROWN, CLERK

BY_____

### ORDER FOR ADMINISTRATION OF ESTATE
### AND APPOINTMENT OF PERSONAL REPRESENTATIVE

On this 30 day of Apr. L 2014, comes on for hearing the petition of

nancy Hampton, for appointment of an administratrix of the estate of Willie Townsel,

deceased, and upon consideration of such petition, and the facts and evidence in support

thereof, the Court finds:

1.      That no demand for notice of proceedings for the appointment of a

personal representative of the estate has been filed herein, the petition is not opposed by

any known person, and the same may be heard and decided forthwith.

2.      That Willie Townsel, who resided in West Memphis, Crittenden County,

Arkansas, died intestate in Little Rock, Arkansas on or about 4th day of April 2014.

3.      That this Court has jurisdiction and venue properly lies in this County.

4.      That there are no known unsecured creditors and/or claims against

Decedent's estate.

5.      That Petitioner is a proper person and fully qualified by law to serve as

administratrix of the estate.

6.  That the amount of property, which may reasonably be expected to pass

through the hands of the administratrix is to be determined.

It is therefore **ORDERED** that, administration of the estate be, and hereby is,

opened and Nancy Hampton, be, and hereby is, appointed administratrix of the estate of

Willie Townsel, and that Letters of Administration shall be issued to said administratrix

**PLAINTIFF'S EXHIBIT**
G

without requiring of posting of bond.

CIRCUIT JUDGE
PROBATE DIVISION

321
(A-14)

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## PROBATE DIVISION

APR 30 2014

| IN THE MATTER OF THE ESTATE OF WILLIE TOWNSEL, Deceased | PR-2014-79 |

PAULA BROWN, CLERK

BY_____

### LETTERS OF ADMINISTRATION

**BE IT KNOWN:**

THAT NANCY HAMPTON, whose address is 1337 Ridgeway Street, Memphis, Tennessee 38106, having been duly appointed Administratrix of the estate of Willie Townsel, deceased, who died on or about the 4th day of April, 2014, and having qualified as such Administratrix, is hereby authorized to act as such Administratrix for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED this _30th_ day of _April_ 2014.

PAULA BROWN, CLERK

By: _Lynda Wells_

Deputy Clerk

PLAINTIFF'S EXHIBIT

H

Ronald C. Wilson[1]
Terrance E. Tatum[1]
[1]Licensed in Tennessee
and Arkansas



WILSON & ASSOCIATES, P.A.

Attorneys at Law

Hattie L. Tucker
Firm Administrator

310 Mid Continent Plaza, Suite 110
West Memphis, AR 72301
P.O. Box 1299 • West Memphis, AR 72303
(870) 735-2940 • Fax (870) 732-0174

May 1, 2014

<u>VIA FAX & REGULAR MAIL</u>
REGIONS BANK
SCOTTIE LACKLAND
ASST VICE PRESIDENT
231 EAST BROADWAY
WEST MEMPHIS AR 72301

RE:  Willie Townsel, Account No. 0116820886/Nancy Hampton, Administratrix of the
Estate of Willie Townsel, Deceased/Arbertdella Lamb
Crittenden County Circuit Court Docket No.  PR-2014-79

Dear Mr. Lackland:

Please be advised that the above referenced bank account should be "frozen" until the
rightful owners of the funds in said account can be determined by the Crittenden County
Circuit Court.

As you are aware, my client, Nancy Hampton, has been appointed the personal
representative of the estate of Willie Townsel and has been issued Letters of
Administration giving her the full and exclusive power to collect and maintain control of
all of the assets in your bank and any other assets that Mr. Townsel owned prior to his
death on April 4, 2014.

If there are questions or concerns, please contact me immediately at my law office (870)
735-2940 or on my cell (901) 230-6240.

Sincerely,

WILSON & ASSOCIATES, P.A.

Ronald C. Wilson
Attorney at Law

RCW/hlt

PLAINTIFF'S
EXHIBIT
I

**Eric Spencer Buchanan**

| | |
|---|---|
| From: | Wilson Ronald [esquirewilson@yahoo.com] |
| Sent: | Thursday, August 14, 2014 2:55 PM |
| To: | Patrick.Bodden@regions.com |
| Cc: | espencer@aristotle.net |
| Subject: | Estate of Willie Townsel/Regions Bank Account #0116820886 |

Dear Mr. Bodden:

In response to your e-mail on yesterday, I am providing this letter in regard to the above referenced estate and bank account.   As I indicated in our telephone conversation on August 6, 2014, I have been informed that Mr. Townsel left a Last Will and Testament that we are attempting to locate at this time.   Therefore, as I suggested in our telephone conversation, I believe that the best course of action is to interplead the funds in the bank account into the Crittenden County Circuit Court until the Court can determine who is the rightful owner of said funds.

In addition, as we discussed in our telephone conversation, please advise if you will provide documentation indicating whether or not Mr. Townsel had a joint tenancy bank account with right of survivorship which included Arbertdella Lamb.

Upon your review of this letter, please give me a call on Monday, August 18, 2014 so that we can discuss this matter further.

Thank you for your patience and consideration.


Ronald C. Wilson
Attorney at Law
P.O. Box 1299
West Memphis AR 72303-1299
(870) 735-2940
(870) 732-0174 (fax)
esquirewilson@yahoo.com



## Eric Spencer Buchanan

| | |
|---|---|
| **From:** | Patrick.Bodden@regions.com |
| **Sent:** | Tuesday, August 05, 2014 9:05 AM |
| **To:** | esquirewilson@yahoo.com |
| **Cc:** | espencer@aristotle.net; kimberly.townsley@regions.com |
| **Subject:** | Re: The Estate of Willie Townsel |
| **Attachments:** | Deposit_Agreement_12_20_12.pdf |

Dear Mr. Wilson:

I have not seen a response from you regarding this matter. and I would appreciate an update. If I do not hear from you, Regions will evaluate its options on moving forward without your input.

Thank you for your attention to this matter.

Sincerely,

C. Patrick Bodden
Assistant General Counsel
Senior Vice President
Regions Bank
Regions Center, 22nd Floor
1900 5th Avenue North
Birmingham, AL 35203
Phone: (205) 264-7373
Fax: (205) 583-4497
Patrick.Bodden@Regions.com

THIS EMAIL MAY CONTAIN INFORMATION SUBJECT TO ATTORNEY-CLIENT PRIVILEGE.

| | |
|---|---|
| From: | Patrick Bodden/Law/REGIONS |
| To: | esquirewilson@yahoo.com |
| Cc: | espencer@aristotle.net, Kimberly Burkhalter Townsley/Law/REGIONS@RFCNOTES |
| Date: | 07/22/2014 11:03 AM |
| Subject: | The Estate of Willie Townsel |

Dear Mr. Wilson:

   Further to our conversation, I write to respond to your request that Regions "freeze" an account at Regions that was owned by Mr. Townsel prior to his death. Apparently, you made this request because you believe that your client, the Estate of Willie Townsel, has an interest in this account.

   As you know, this account had a co-owner prior to Mr. Townsel's death. Our agreement with Mr. Townsel reads as follows: "If your account is a personal account and has more than one name on it, we will treat it as a joint tenant account with right of survivorship (to the extent such accounts are recognized under applicable law) unless otherwise expressly designated on the signature card or other account records." (Deposit Agreement 18.) Regions Bank's records provide no basis to indicate that either Mr. Townsel or the co-owner wished for this account to be treated in any manner other than that designated in the Deposit Agreement, which is attached.

   As I explained to you, Regions is not aware of any basis to abide by your request at this time. So, I respectfully ask that you either reiterate and detail your request that Regions leave the "freeze" on the applicable account or that you

withdraw your request.  I look forward to your prompt reply.  Thank you for your attention to this matter.

Sincerely,

C. Patrick Bodden
Assistant General Counsel
Senior Vice President
Regions Bank
Regions Center, 22nd Floor
1900 5th Avenue North
Birmingham, AL 35203
Phone:  (205) 264-7373
Fax: (205) 583-4497
Patrick.Bodden@Regions.com

THIS EMAIL MAY CONTAIN INFORMATION SUBJECT TO ATTORNEY-CLIENT PRIVILEGE.

## IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS
## CIVIL DIVISION

**REGIONS BANK**                                       **PLAINTIFF**

**VS.**                          **NO. 19CV-14-85**

**ARBERTDELLA LAMB and**
**NANCY HAMPTON, as Administratrix for**
**The Estate of Willie Townsel**                 **DEFENDANTS**

### ANSWER TO COMPLAINT IN INTERPLEADER
### OR ALTERNATIVELY, FOR DECLARATORY RELIEF

Comes Defendant, Nancy Hampton, by and through her attorneys of record, Wilson & Associates, P.A., and for her Answer to Plaintiff's Complaint, states as follows:

1.     Defendant admits the allegations stated in Paragraph 1 of Plaintiff's Complaint.

2.     Defendant denies the allegations stated in Paragraph 2 of Plaintiff's Complaint.

3.     Defendant admits the allegations stated in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits the allegations stated in Paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits the allegations stated in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant denies the allegations stated in Paragraph 6 of Plaintiff's Complaint.



PLAINTIFF'S EXHIBIT _K_

7.     Defendant denies the allegations stated in Paragraph 7 of Plaintiff's Complaint.

8.     Defendant admits the allegations stated in Paragraph 8 of Plaintiff's Complaint.

9.   Defendant is without sufficient information or knowledge to admit or deny the allegations stated in Paragraph 9 of Plaintiff's Complaint.

10.   Defendant is without sufficient information or knowledge to admit or deny the allegations stated in Paragraph 10 of Plaintiff's Complaint.

11.   Defendant is without sufficient information or knowledge to admit or deny the allegations stated in Paragraph 11 of Plaintiff's Complaint.

12.   Defendant is without sufficient information or knowledge to admit or deny the allegations stated in Paragraph 12 of Plaintiff's Complaint.

13.   Defendant is without sufficient information or knowledge to admit or deny the allegations stated in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits the allegations stated in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits the allegations stated in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits the allegations stated in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits the allegations stated in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits the allegations stated in Paragraph 18 of Plaintiff's

Complaint.

19.     Defendant admits the allegations stated in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant is without sufficient information or knowledge to admit or deny the allegations stated in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits that Plaintiff is seeking an order to interplead the funds in dispute.  However; Defendant denies that Plaintiff (Regions) should be reimbursed from the proceeds for its costs, expenses and attorney's fees.

22.     Defendant denies the allegations stated in Paragraph 22 of Plaintiff's Complaint.

WHEREFORE, Defendant prays that this Court dismiss Plaintiff's Complaint; and for all other proper and just relief.

Respectfully submitted,

NANCY HAMPTON, Defendant


WILSON & ASSOCIATES, P.A.
ATTORNEYS AT LAW
P O BOX 1299
WEST MEMPHIS AR 72303
(870) 735-2940

By: _____
Ronald C. Wilson (#84163)
Attorney for Defendant, Nancy Hampton

## CERTIFICATE OF SERVICE

I, Ronald C. Wilson, attorney for Defendant, Nancy Hampton, certify that a copy of the above and foregoing pleading has been served upon, Plaintiff Attorney, Edie R. Ervin, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas and Separate Defendant Albertdella Lamb by mailing a copy to her attorney, Eric Spencer Buchanan, Attorney at Law, P.O. Box 166643, Little Rock, Arkansas 72216, on this 28th day of October, 2014.

Ronald C. Wilson
Attorney at Law

IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

REGIONS BANK                                                          PLAINTIFF

V.                                    No. CV-2013-0242-6

ARBERT DELLA LAMB and
NANCY HAMPTON, as Administratrix for
The Estate of Willie Townsel                                         DEFENDANTS

## <u>ANSWER TO COMPLAINT IN INTERPLEADER OR ALTERNATIVELY, FOR DECLARATORY RELIEF</u>

COMES NOW, Defendant Arbert Della Lamb, by and through her undersigned counsel, The Buchanan Firm P.A., and, for her reply to Plaintiff's Complaint in Interpleader, states:

1. Defendant admits the allegations stated in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations stated in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations stated in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations stated in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations stated in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations stated in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations stated in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations stated in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations stated in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations stated in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations stated in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations stated in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations stated in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations stated in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations stated in Paragraph 15 of Plaintiff's Complaint.

1



PLAINTIFF'S
EXHIBIT

16. Defendant admits the allegations stated in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations stated in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations stated in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations stated in Paragraph 19 of Plaintiff's Complaint.

20. Defendant is without sufficient knowledge to admit or deny the allegations presented in Paragraph 20 of Plaintiff's Complaint.

21. Defendant agrees with the allegations stated in Paragraph 21 of Plaintiff's Complaint in part and denies them in part. Defendant admits that Plaintiff is seeking an order to interplead the funds in question. However, Defendant denies that the Plaintiff should be reimbursed from the proceeds for its costs, expenses, and attorney's fees.

22. Defendant admits the allegations stated in Paragraph 22 of Plaintiff's Complaint.

WHEREFORE, Defendant prays that this Court enter a declaratory judgment stating that Arbert Della Lamb is the true and lawful owner of the account in question and release the funds to her sole possession. In addition, Defendant prays the court will not burden Defendant with Regions's costs and attorneys' fees in the present action and grant Defendant all other relief to which she is entitled.

Respectfully Submitted,

THE BUCHANAN FIRM, P.A.
Eric Spencer Buchanan, Esq.
P.O. Box 166643
Little Rock, AR 72216
(501) 376-7540
Ark. Bar No. 94-151
espencer@aristotle.net

### CERTIFICATE OF SERVICE

I, Eric Spencer Buchanan, individually and on behalf of The Buchanan Firm, P.A., do hereby certify that a copy of the forgoing document was mailed to Plaintiff Attorney, Edie R. Ervin, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201 and Separate Defendant Nancy Hampton by mailing a copy to her attorney, Ronald C. Wilson, Attorney at Law, 310 Mid-Continent Plaza, Suite 110 West Memphis, AR 72301.

Eric Spencer Buchanan, Esq.



FRIDAY | ELDREDGE & CLARK LLP

Edie R. Ervin  |    Attorney
Direct: (501) 370-3330
Fax: (501) 537-2939
E-mail: eervin@fridayfirm.com

400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
www.FridayFirm.com

January 29, 2016

Eric S. Buchanan, Esq.
The Buchanan Firm, P.A.
P.O. Box 166643
Little Rock, AR  72216

Re:    *Regions Bank v. Lamb and Hampton*
        Cross County Circuit No. 19CV-14-85

Dear Eric:

I am in receipt of your letter dated February 4, 2016.

I am disappointed by your refusal to agree to allow Regions to interplead the funds.  The contractual relationship between your client, Ms. Lamb, and Regions has no bearing on the claim asserted by Ron Wilson's client, Ms. Hampton.  Ms. Hampton contends that your client was obligated under a constructive trust theory to hold the funds in trust for the benefit of Ms. Hampton.  If Regions were to ignore Ms. Hampton's claim and pay the balance of the checking account out to Ms. Lamb, Regions would be then be subject to a claim by Ms. Hampton.

Once again, this case epitomizes the situation in which a third party such as Regions with no interest in or claim to the disputed funds should be permitted to deposit them with the Court, after which the parties with a claim of ownership over the funds (Ms. Lamb and Ms. Hampton) can litigate their respective theories.

I am sorry that you and Ron were not able to reach a settlement in this matter.  Since it now appears clear that settlement will not be feasible, I do intend to pursue interpleading the checking account funds over your objections.

Truly yours,

Edie R. Ervin

Cc:    Ron Wilson
Bcc:   Patrick Bowden


PLAINTIFF'S EXHIBIT
M

<January 29, 2016>
Page 2

FRI 13:55   FAX 1 870 731 2859  Bank of McCrory                                    ☑016/025





PLAINTIFF'S EXHIBIT

N

02/05/2016 FRI 13:54  FAX 1 870 731 2859 Bank of McCrory                    013/025

**Regions Bank**
West Memphis Main
231 East Broadway
West Memphis, AR 72301



ARBERTDELLA LAMB
315 HWY 64 W
WYNNE AR 72396

ACCOUNT #  

Page        3   of 3



Check# 0          04/30/2014      $8768.34

**PLAINTIFF'S EXHIBIT**

O

19 FRI 14:10   FAX 1 870 731 2059 Bank of McCrory

Regions Bank                    4/23/2014 4:52:09 PM  PAGE   1/001   Fax Server                    Ø025/025

Customer Receipt                                              Thank You for your Banking Busi

 **REGION**

PD04-30-2014  9:45A #39
AR02432 #02
IL ************4108
IL PMT        $8,768.34

Regions Bank
Consumer Loan Center
Birmingham, AL 35224

4/23/2014

 **REGIONS**

Any balance printed on this receipt does not refle
current business day's activity on this account
transactions are accepted in accordance with the te
your agreement.

TOWNSEL, WILLIE
2600 E JACKSON
WEST MEMPHIS, AR 72301

RE: TOWNSEL, WILLIE, Account #: 000000004350214108
2600 E JACKSON WEST, MEMPHIS, AR 72301

The payoff on the above referenced account is good through 4/30/2014.
The payoff amount is $ 8,768.34.
The per diem is $ 1.43.

The payoff quote will be subject to any transactions that have not posted at the time the quote is given, any preauthorized transactions, and any check or other payment made on the account that is returned unpaid or rejected for any reason. Regions reserves the right to adjust the payoff quote accordingly.

**Mailing address for payments:**
Regions Equity Line
P.O. Box 1984
Birmingham, AL 35201

Overnight Delivery to:
Regions Bank
201 Milan Pkwy
MailCode ALBHMOPL02
Birmingham, AL 35211

When sending payment, please include a copy of this payoff statement. The account will be satisfied after payment in full is received, and no future advances will be allowed. These figures are subject to final verification by Regions Bank.

If you have any questions about this statement please call 1-800-896-6513.

Thank you.

THERESE M O'NEILL
Regions Bank

**RECEIPT** DATE _4-9-14_    No. _103444_

RECEIVED FROM _Willie Townsend_    $ _3,301_ ⁰⁰

_Three Thousand Three hundred one Dollar_ DOLLARS

○ FOR RENT
○ FOR _____

| ACCOUNT | | |
|---|---|---|
| PAYMENT | 3361 | ⁰⁰ |
| BAL. DUE | | |

○ CASH
○ CHECK
○ MONEY ORDER
○ CREDIT CARD

FROM _____ TO _____

BY _Kenny Glover_    3-11



**PLAINTIFF'S EXHIBIT**
_P_

IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

REGIONS BANK                                                          PLAINTIFF

v.                                          No. 19CV-14-85

ARBERTDELLA LAMB and
NANCY HAMPTON, as Administratrix for
The Estate of Willie Townsel                                         DEFENDANTS

## PLAINTIFF'S MOTION FOR INTERPLEADER

Plaintiff Regions Bank ("Regions"), pursuant to Ark. R. Civ. P. 22, for its Motion for Interpleader states:

1.     Regions filed a verified Complaint in Interpleader on or about September 3, 2014. Regions is holding funds in a Checking Account (xxxx-0886) to which both Defendants claim an interest. A hold has been placed on the account.

2.     Regions disclaims any interest in the funds and takes no position as to the rightful owner of the funds.

3.     Regions seeks an Order of Interpleader directing it to place the disputed funds, totaling $80,669.08, less its reasonable litigation expenses totaling $2,184.73 to date, in the registry of the Court, after which it should be released from all liability and dismissed with prejudice from this action.

4.     This motion is supported by a brief in support filed herewith and by a proposed Order of Interpleader attached hereto as Exhibit A.

WHEREFORE, Plaintiff Regions Bank prays that the Court grant its Motion for Interpleader, direct that Regions shall pay into the registry of the Court the sum of $78,484.35 ($80,669.08 less $2,184.73 to date), for deposit into an interest bearing account, and order that



immediately upon depositing said funds Regions shall be dismissed with prejudice from this action and released of all liability in connection with the disputed ownership of the funds.

Submitted this 2nd day of March, 2015.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493
(501) 376-2011
(501) 376-2147 (fax)
eervin@fridayfirm.com

By: _____
      EDIE R. ERVIN
      ARK. BAR ID NO. 93198

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following attorneys of record via United States Mail and/or email, postage prepaid, on this 2nd day of March, 2015:

Eric S. Buchanan
The Buchanan Firm, P.A.
P.O. Box 166643
Little Rock, AR 72216
spencer@aristotle.net

Ronald C. Wilson
Wilson & Associates, P.A.
310 Mid Continent Plaza, Suite 110
West Memphis, AR 72301
esquirewilson@yahoo.com

_____
Edie R. Ervin

## IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

**REGIONS BANK**                                                    **PLAINTIFF**
v.                                        No. 19CV-14-85

**ARBERT DELLA LAMB AND NANCY
HAMPTON, as Administratrix for
the Estate of Willie Townsel**                              **DEFENDANTS**

### SEPARATE DEFENDANT LAMB'S RESPONSE TO PLAINTIFF'S MOTION FOR INTERPLEADER AND BRIEF IN SUPPORT

COMES NOW, Defendant Arbert Della Lamb, by and through her undersigned counsel, The Buchanan Firm P.A., and, for her Response to Plaintiff's Motion for Interpleader and Brief in Support, states:

Plaintiff has already filed a complaint on September 3, 2014, asserting the same allegations it now makes in its Motion for Interpleader filed on March 2, 2015, namely that it be allowed to deposit the funds subject to dispute with the court, be discharged from all liability, and be awarded attorney's fees. Both Lamb and Hampton have answered. Regions proposed an agreed order of Interpleader, but neither Lamb nor Hampton agreed with the order. Furthermore, Lamb has requested a hearing on numerous occasions.

Regions seeks an order or interpleader directing it to place disputed funds totaling $80,669.08, minus its asserted litigation expenses of $2,284.73, in the court's registry; releasing it from all liability; and dismissing it from this action with prejudice.

Defendant Lamb avers that Regions should not be permitted to interplead into the matter, depositing funds in the court's registry, nor should it be granted attorney's fees. For support of these averments, we look to Regions complaint for background information, as its motion for interpleader is sparse in giving any background information.

FILED - RHONDA SULLIVAN
CLERK AND EX-OFFICIO RECORDER
10.55
MAR 1 3 2015

CROSS COUNTY, ARKANSAS
BY ☐ Dun Oyda D.C.



PLAINTIFF'S
EXHIBIT
R

### I.    Interpleader

Arkansas Rule of Civil Procedure 22(b) states that "[a] plaintiff who disclaims any interest in the money or property that is the subject of the interpleader action shall, upon depositing the money or property in the registry of the court, be discharged from all liability."

Please note that Regions removed Willie Townsel's name from the account upon presentation of a death certificate for Townsel, after a required account review for verification of the joint ownership status of the account. Regions states in its complaint for interpleader that the removal/name change "would not have been permitted if anything had been found that suggested that Lamb was placed on the account as an authorized signatory and not as a joint owner." This occurred on or about April 23, 2014. It was not until after this date, on April 30, 2014, that counsel for Nancy Hampton, acting as Administratrix for the Estate of Willie Townsel, demanded that the account be "frozen."

Regions placed a hold on the account due to Hampton's demand. However, at that point, according to its complaint, Regions had already "searched its account records for any express designation or any other evidence that would alter the presumption that the Account at all times was a joint tenant account with right of survivorship[, and] found none." Not only had Regions already determined that the account was a joint tenancy with right of survivorship, but it had acted upon that determination by removing Townsel's name from the account. At the time of Hampton's demand, the account was already Lamb's sole account and no longer a joint account with Townsel, pursuant to Townsel and Lamb's contract with Regions. Accordingly, it has been clear to Regions from since prior to the inception of this matter between Lamb and Hampton, that any dispute to the account is without legal support. Accordingly, Regions should have, and

should now be ordered, to remove the hold on the funds and release the same to their rightful owner, Lamb. There is no need for the funds to be deposited with the court.

## II.    Attorney's Fees

Region's seeks asserted litigation expenses of $2,284.73, representing $206.39 in costs and $1,978.34 in attorney's fees. An attorney who files an interpleader action is not entitled to fees.[1] Arkansas Rule of Civil Procedure 22(b) states that "[t]he court may make an award of reasonable litigation expenses, including attorneys' fees[.]" This is permissive and at the court's discretion. Regions should not be awarded attorney's fees.

Based on the analysis above showing that Regions was clear that Lamb was the rightful owner of the account prior to Hampton's demand on the same, Regions had no authority to place a hold on the account. It therefore should not receive litigation expenses of any sort as any accrued litigation expenses were due to its own actions in contradiction to the contract it had with Townsel and Lamb. Alternatively, if the court finds that Regions had authority to place the hold on the account, Regions should be responsible for any costs, expenses, or attorney's fees resulting from it placing the hold due to its admission that the evidence, namely the contract, supported Lamb as the owner of the account via the right of survivorship inherent in Townsel and Lamb's joint tenancy. The same evidence made it clear that any demand from anyone other than Lamb was not supported, so Regions action of placing a hold on Lamb's account was not only a detriment to Lamb, but also to Regions, but of its own doing. Accordingly, Regions should be required to pay its own costs.

---

[1] Kolb v. Morgan, 313 Ark. 274, 280, 854 S.W.2d 719, 722 (1993) (citing *Construction Mach. of Arkansas v. Roberts*, 307 Ark. 252, 819 S.W.2d 268 (1991); *Birdsong Cabinet Shop, Inc. v. Bland*, 307 Ark. 149, 817 S.W.2d 886 (1991); *Saunders v. Kleier*, 296 Ark. 25, 751 S.W.2d 343 (1988)).

WHEREFORE, Defendant prays that this Court deny Regions' Motion for Interpleader; that it direct Regions to remove its hold on Lamb's account and disperse the funds therein to Lamb; that this Court will not burden Defendant Lamb with Regions' costs and attorneys' fees in the present action; and grant Defendant Lamb all other relief to which she is entitled.

Respectfully Submitted,

THE BUCHANAN FIRM, P.A.
Eric Spencer Buchanan, Esq.
P.O. Box 166643
Little Rock, AR 72216
(501) 376-7540
(501) 376-3552
Ark. Bar No. 94-151
Eric.Buchanan@TheBuchananFirm.com

## CERTIFICATE OF SERVICE

I, Eric Spencer Buchanan, individually and on behalf of The Buchanan Firm, P.A., do hereby certify that a copy of the forgoing document was mailed to Plaintiff Attorney, Edie R. Ervin, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201 and Separate Defendant Nancy Hampton by mailing a copy to her attorney, Ronald C. Wilson, Attorney at Law, 310 Mid-Continent Plaza, Suite 110 West Memphis, AR 72301, this 10th day of March 2015.

Eric Spencer Buchanan, Esq.

IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

REGIONS BANK                                                                          PLAINTIFF

v.                                      No. 19CV-14-85

ARBERTDELLA LAMB  and
NANCY HAMPTON, as Administratrix for
The Estate of Willie Townsel                                                      DEFENDANTS

### PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff Regions Bank ("Regions"), pursuant to Ark. R. Civ. P. 41(a), for its Motion for Voluntary Dismissal of its claims against ArbertDella Lamb and Nancy Hampton, as Administratrix for the Estate of Willie Townsel, states:

1.      Regions filed a verified Complaint in Interpleader on or about September 3, 2014, therein seeking to interplead funds held in a disputed Checking Account.

2.      The parties have answered but as of this date there has been no ruling on the Motion for Interpleader.   The case has not been set for trial or hearing on which of the Defendants is entitled to the funds at issue.

3.      No claims for relief are pending other than those asserted by Regions in its Complaint. Therefore, the requested dismissal will terminate this case.

4.      This is Regions' first request for voluntary dismissal.   Therefore, the requested dismissal "is a matter of right." Ark. R. Civ. P. 41(a).

WHEREFORE, Plaintiff Regions Bank prays the Court issue an Order granting its motion and dismissing this action without prejudice to a future action pursuant to Ark. R. Civ. P. 41(a) and for all other just and proper relief.



PLAINTIFF'S
EXHIBIT
5

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493
(501) 376-2011
(501) 376-2147 (fax)
eervin@fridayfirm.com

By:_____
    EDIE R. ERVIN
    ARK. BAR ID NO. 93198


### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following attorneys of record via United States Mail and email, postage prepaid, on this 3rd day of February, 2016:

Eric S. Buchanan
The Buchanan Firm, P.A.
P.O. Box 166643
Little Rock, AR  72216
spencer@aristotle.net

Ronald C. Wilson
Wilson & Associates, P.A.
310 Mid Continent Plaza, Suite 110
West Memphis, AR  72301
esquirewilson@yahoo.com

_____
Edie R. Ervin

## IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

**REGIONS BANK**                                                          **PLAINTIFF**
v.                                          No. 19CV-14-85

**ARBERT DELLA LAMB AND NANCY
HAMPTON, as Administratrix for
the Estate of Willie Townsel**                                           **DEFENDANTS**

### SEPARATE DEFENDANT LAMB'S RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND BRIEF IN SUPPORT

COMES NOW, Defendant Arbert Della Lamb, by and through her undersigned counsel,

The Buchanan Firm P.A., and, for her Response to Plaintiff's Motion for Voluntary Dismissal

and Brief in Support, states:

1. On or about May 18, 2009, Arbert Della Lamb and Willie Townsel opened a checking account (xxxxxx0886) with Regions Bank.

2. The title of the account was "Willie Townsel or ArbertDella Lamb." *See* Exhibit A, Regions Check No. 1206.

3. On or about April 4, 2014, Willie Townsel died intestate. *See* Exhibit A, Certificate of Death.

4. On or about April 23, 2014, Lamb presented a death certificate for Townsel, requesting that the account be changed to her name alone. *See* Exhibit A, Personal Account Maintenance and Signature Form.

5. Regions Deposit Agreement clearly states that "If your account is a personal account and has more than one name on it, we will treat it as a joint tenant account with right of survivorship (to the extent such accounts are recognized under applicable law) unless otherwise expressly designated on the signature card or other account records." *See* Exhibit A, Deposit Agreement, Paragraph 23.



PLAINTIFF'S
EXHIBIT
7

6. Regions investigation of the account found no "express designation or any other evidence that would alter the presumption that the Account at all times was a joint tenancy with right of survivorship" ("JTWRS"). *See* Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

7. This lack of any evidence that the account was held in any manner other than JTWRS permitted Regions to grant Lamb's name change request which equated to a change in account ownership. "The change in Account ownership would not have been permitted if anything had been found that suggested that Ms. Lamb was placed on the Account as an authorized signatory and not as a joint owner." *See* Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

8. Accordingly, it has been clear to Regions from on or about April 23, 2014, when Lamb presented a death certificate for Townsel, that the account—and all the funds remaining therein—belong to Lamb to the exclusion of all others.

9. Hampton, acting as Administratrix for Townsel's estate, demanded Regions to "freeze" Lamb's account with Townsel by JTWRS on or about April 2014.

10. Regions complied with Hampton's request, activating a "Freeze" on Lamb's account on or about April 2014.

11. Regions then filed its Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief on August 29, 2014, alleging that it "[was] or may be exposed to double or multiple liability[,]" despite its assertion that all evidence showed that the account belonged to Lamb by JTWRS. It sought to deposit the disputed funds in the court's registry and thereafter be dismissed from the case it started, or for an order

declaring Lamb as the rightful owner of the account and to receive costs, expenses, and attorney's fees.

12. Lamb answered the Verified Complaint.

13. Defendant Nancy Hampton does not argue that the account was not held between Townsel and Lamb as a JTWRS, but that Townsel had a will. In an August 14, 2014 email correspondence to Patrick Bodden, of Regions bank, Hampton's counsel stated that he had "been informed that Mr. Townsel left a Last Will and Testament that [they were] attempting to located at [that] time." *See* Exhibit A, August 14, 2014, Email Correspondence from Hampton to Regions. This assertion is in direct contradiction to her Petition to Administer Estate and Appointment of Personal Representative, she stated that Townsel "died intestate[.]" *See* Exhibit A, Petition to Administer Estate and Appointment of Personal Representative.

14. Despite repeated requests, Hampton has produced no will.

15. In any case, Hampton does not make any argument that a will negates the contract on an account held as a JTWRS and Lamb can find no legal authority in support of such an argument.

16. The surviving joint tenant of accounts owns them by operation of law, in the absence of fraud. *Williams v. Davis*, 2009 Ark. App. 850, 373 S.W.3d 381 (citing Ark. Code Ann. §§ 23-32-207, 23-32-1005, and 23-47-204 (Repl. 2000); *Hall v. Superior Federal Bank*, 303 Ark. 125, 794 S.W.2d 611 (1990). Where a survivorship was properly created, the estate is not entitled to the money from the account. *Casey v. Casey*, 1999 WL 138783, at 5 (Ark. Ct. App. Mar. 10, 1999).

17. Lamb owned the account with Townsel by JTWRS and his death, by operation of law, require that the account, and the funds therein, be given to Lamb.

18. Regions transferred ownership of the account to Lamb, but placed a hold on the funds therein. Regions should be ordered to remove the hold on Lamb's account.

19. Regions filed a Motion for Interpleader on March 2, 2015, seeking to deposit the $78,484.35 in funds from Lamb's account in the registry on the court after taking $2,284.73 for expenses, and be dismissed from the case it unnecessarily started.

    Separate Defendant Lamb's Response to Plaintiff's Motion for Interpleader and Brief in support was filed on March 11, 2015.  Therein, she denied that interpleader was necessary or that Regions was entitled to costs, expenses and attorney's fees, because Regions admitted that Lamb was the rightful owner of the account by JTWRS and therefore either had no authority to place the hold on Lamb's account or, alternatively, caused its own asserted detriment by placing the hold and therefore should be responsible for its own costs, expenses and attorney's fees.

20. Arkansas Rule of Civil Procedure 22(b) states that "[t]he court may make an award of reasonable litigation expenses, including attorneys' fees[.]" Use of the word "may" means the trial court is authorized, but not required, to award attorney's fees., See *Lowder v. Gregory*, 451 S.W.3d 220 (citing *Wye Comm. Club, Inc. v. Harmon*, 26 Ark. App. 247, 764 S.W.2d 55 (1989) ("The word "may" is generally permissive rather than mandatory[.]").

21. Regions should be denied attorney's fees that were garnered by its own detrimental and unnecessary actions.[1] Alternatively, Hampton should be ordered to pay the entirety of Regions attorney's fees for bringing a meritless claim against the account.

22. Regions then filed a Motion for Voluntary Dismissal on February 3, 2016.

23. Lamb objects to Regions Motion for Voluntary Dismissal on the grounds that sufficient evidence has been presented to the court to prove, as a matter of law, that Lamb is the rightful owner of the account by JTWRS, thereby making interpleading of the funds into the court's registry unnecessary.

24. None of the listed motions have been ruled on.

25. This court is further advised that despite Townsel dying intestate, Lamb has paid, *inter alia*, the following out of the same account:

    a. $19,000 to Hampton, *See* Exhibit A, Cashier's Check to Nancy Hampton ;

    b. $8,768.34 to pay off the mortgage on Townsel's residence; and

    c. $3,301.00 for Townsel's funeral.[2]

26. It was after Lamb made these and other payments, out of the kindness of her heart, for the benefit of her brother and his children, that Hampton requested the freeze on her account.

WHEREFORE, Lamb prays that this court deny Regions motion for interpleader; declares Lamb the rightful owner of the account by JTWRS; dismisses Hampton's claims to the account; denies Regions request for attorney's fees, or alternatively, orders Hampton to pay the

---

[1] The argument in Paragraphs 20 and 21 also are made regarding Region request for attorney's fees it its Verified Complaint for Interpleader or, Alternatively, for Declaratory Relief.

[2] Additionally, Hampton received Townsel's vehicle and motorcycle.

entirety of Regions costs, expenses and attorney's fees; awards Lamb reasonable costs, expenses and attorney's fees, and all other just and appropriate relief to which she is entitled.

Respectfully Submitted,

THE BUCHANAN FIRM, P.A.
Eric Spencer Buchanan, Esq.
P.O. Box 166643
Little Rock, AR 72216
(501) 376-7540
(501) 376-3552
Ark. Bar No. 94-151
Eric.Buchanan@TheBuchananFirm.com

## CERTIFICATE OF SERVICE

I, Eric Spencer Buchanan, individually and on behalf of The Buchanan Firm, P.A., do hereby certify that a copy of the forgoing document was mailed to Plaintiff Attorney, Edie R. Ervin, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201 and Separate Defendant Nancy Hampton by mailing a copy to her attorney, Ronald C. Wilson, Attorney at Law, 310 Mid-Continent Plaza, Suite 110 West Memphis, AR 72301, on February 5, 2016.

Eric Spencer Buchanan, Esq.

02/18/2016  16:13   870-238-5722           CC CIRCUIT CLERK              PAGE  01/01

Sent 03/02/2016 at 15:09:52 - from - to 8705385591 pg/6

IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS

REGIONS BANK
                                                          PLAINTIFF
v.
                                    No. 19CV-14-85

ARBERTDELLA LAMB and
NANCY HAMPTON, as Administratrix for
The Estate of Willie Townsel
                                                          DEFENDANTS

### ORDER GRANTING DISMISSAL WITHOUT PREJUDICE

Before this Court is Plaintiff's Motion for Voluntary Dismissal pursuant to Ark. R. Civ. P. 41(a).   Based on the motion, and all other matters before the Court, the motion is hereby GRANTED.

Plaintiff's Complaint in Interpleader is hereby DISMISSED WITHOUT PREJUDICE and this action is hereby terminated.

IT IS SO ORDERED.

_Charles S. Mitchell_
HONORABLE CHALK MITCHELL

Date: _February 3, 2016_

Prepared by:
  Edie R. Ervin
  Friday, Eldredge & Clark, LLP
  400 West Capitol Avenue, Suite 2000
  Little Rock, AR 72201
  Attorney for Plaintiff Regions Bank


PLAINTIFF'S
EXHIBIT
U

FILED - RHONDA SULLIVAN
CLERK AND EX-OFFICIO RECORDER
3:06
FEB 10 2016
CROSS COUNTY, ARKANSAS
BY