IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REGIONS BANK,                         *

                                        *

               Plaintiff,       *

vs.                           *     No. 4:16-cv-00078-SWW

                                          *

                                          *

ARBERTDELLA LAMB and      *

NANCY HAMPTON, as         *

Administratrix for The Estate of  *

Willie Townsel,              *

                                        *

            Defendants.     *

_____

NANCY HAMPTON, as         *

Administratrix for The Estate of  *

Willie Townsel,              *

                                        *

           Cross-Claimant,  *

vs.                           *

                                        *

ARBERTDELLA LAMB,       *

                                        *

           Cross-Defendant.  *

<u>OPINION AND ORDER</u>

Regions Bank, an Alabama Banking Corporation, brings this interpleader action pursuant to Federal Rule of Civil Procedure 22 to resolve competing claims of ownership of funds in the amount of $80,677.87 that were on deposit in a checking account with Regions but have now been deposited into the registry of

the Court.[1]  Nancy Hampton, an Arkansas resident and admistratix for the estate of

Willie Townsel, a deceased former resident of Arkansas, and ArbertDella Lamb,

also an Arkansas resident, both claim ownership of the funds.[2]  Hampton has filed

a cross-claim against Lamb claiming that she is the rightful owner of the funds.

Before the Court is a motion of Regions for discharge and for an award of

attorney's fees and costs [doc.#18].  Regions seeks to be discharged of any further

liability in connection with the interpleaded funds and dismissed from this

interpleader action.  Regions also seeks an award of its attorney's fees and costs

incurred in interpleading the funds and asks that its award of attorney's fees and

costs be paid from the interpleaded funds.

Hampton does not oppose Regions's dismissal from this interpleader action

---

[1] Rule 22 states that persons "with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead ... even though ... (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or (B) the plaintiff denies liability in whole or in part to any or all of the claimants."  Fed. R. Civ. P. 22(a)(1)(A)(B).  Rule 22 is designed to protect stakeholders not only from double or plural liability but also from duality or plurality of suits, and the rule is to be construed liberally.  *Sun Life Assur. Co. of Canada v. Nelson*, No. 5:15cv00023 JLH, 2015 WL 3442178, at *2 (E.D. Ark. May 28, 2015) (citation and quotation marks omitted).

[2] Rule 22 interpleader does not provide an independent basis for jurisdiction but can be premised on the diversity statute, 28 U.S.C. § 1332.  *Federated Mutual Ins. Co. v. Moody Station and Grocery*, 821 F.3d 973, 976 (8th Cir. 2016) (citation and quotation marks omitted).  Jurisdiction is determined based on the parties' status at the time the action is filed, see *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004), and it is undisputed that diversity jurisdiction exists here.

but has belatedly, in one sentence, responded in opposition to Regions's motion for

an award of attorney's fees and costs.  Lamb has responded in opposition both to

Regions's motion to be dismissed from this interpleader action and to its motion

for an award of attorney's fees and costs.  For the reasons that follow, the Court

grants the motion of Regions for discharge and for an award of attorney's fees and

costs.

I.

On May 18, 2009, Townsel and Lamb opened a checking account–Account

No. xxxx0886–with Regions.  The account was titled "Willie Townsel or

ArbertDella Lamb."  Townsel and Lamb were brother and sister.  Hampton was

Townsel's daughter.

The contractual rights and duties of Regions, Townsel, and Lamb with

respect to the account were set forth in a written Deposit Agreement.  The Deposit

Agreement provides in pertinent part as follows:

> If your account is a personal account and has more than one name on
> it, we will treat it as a joint tenant account with right of survivorship
> (to the extent such accounts are recognized under applicable law)
> unless otherwise expressly designated on the signature card or other
> account records.

Deposit Agreement at ¶ 23.

On April 4, 2014, Townsel died at age 66.  Approximately three weeks later,

on April 23, 2014, Lamb presented Townsel's death certificate to Regions and requested that the account be changed to her name alone.  Regions searched its account records for any express designation or any other evidence that would alter the presumption that the account at all times was a joint tenant account with right of survivorship (JTWRS) and found none.  Accordingly, Regions granted Lamb's request that the account be changed to her name alone.

On April 28, 2014, Hampton petitioned the Circuit Court of Crittenden County, Arkansas, to administer Townsel's estate and be appointed his personal representative.  On April 30, 2014, the circuit court granted Hampton's petition and appointed her administratrix of Townsel's estate.  The following day, May 1, 2014, Regions received written demand from Ronald Wilson, an attorney representing Hampton, that the account be "frozen" until the rightful owners of the account funds could be determined by a state court.

By letter dated June 24, 2014, Eric Buchanan, an attorney representing Lamb, informed Regions that because Townsel and Lamb owned the account JTWRS, Lamb became the sole owner of the account when Townsel died. Buchanan asked Regions "[o]n what legal authority has the account being [sic] seized?"

In an email to Wilson dated July 22, 2014, Regions informed Wilson that the

account was being treated as JTWRS and that it was not aware of any basis to abide by his request that the account be frozen.  Regions requested that Wilson either reiterate and detail his request that Regions leave the freeze on the account or that he withdraw his request.  When Wilson did not respond, Regions, by email dated August 5, 2014, informed him that it would appreciate an update on the matter and that if it did not hear from him, Regions would evaluate its options on moving forward without his input.

In an email to Regions dated August 14, 2014, Wilson states he was informed that Townsel left a Last Will and Testament which he was attempting to locate and that the best course of action was to interplead the account funds in state court until it could be determined who was the rightful owner of the funds. However, in her petition to the circuit court to administer Townsel's estate, Hampton stated that Townsel died intestate.  In granting Hampton's petition, the circuit court likewise stated that Townsel died intestate.  In her cross-claim against Lamb, Hampton does not mention a will but states she is the rightful owner of the funds "based on a constructive trust theory and other applicable common law and statutory law."

By letter dated August 15, 2014, Buchanan, referencing Hampton's petition to the circuit court to administer Townsel's estate and the circuit court's order

granting same, informed Regions that Townsel died intestate and that because the

Deposit Agreement required the account to be treated as JTWRS, it was

unnecessary to interplead the funds.  Buchanan stated he was concerned that the

claim of a will was simply a delay tactic to keep Lamb from accessing the funds.

The Deposit Agreement provides that in the event of a dispute "about who

owns or is entitled [to] any funds on deposit in an account," Regions has the

following rights:

> At our option, however, we may place a "hold" on funds until
> resolution of the controversy, or we may accept an indemnity
> satisfactory to us, or we may deposit the funds with a court until a
> court order directs us to do otherwise.  If we incur attorneys' fees,
> costs or expenses to resolve the issues specified in this paragraph, you
> agree to reimburse us for those sums we incur.

Deposit Agreement at ¶ 33.[3]

On September 3, 2014, Regions filed an interpleader action in the Circuit

Court of Cross County, Arkansas, against Hampton and Lamb to determine

ownership of the funds.  Regions later moved for interpleader.  Hampton agreed to

interpleader of the funds and to Regions's dismissal from the state court

interpleader action.  Lamb opposed both Regions's request for interpleader and for

---

[3] See also Deposit Agreement at ¶ 36 (providing for reimbursement of attorney's fees and costs "in connection with . . . (ii) any ownership or authority disputes regarding [the] account").

dismissal from the state court interpleader action.  Lamb's view was that

interpleader was unnecessary because Regions admitted that Lamb was the rightful

owner of the account by JTWRS and therefore either had no authority to place the

hold on Lamb's account or, alternatively, caused its own asserted detriment by

placing the hold on the account and thus should be responsible for its own costs,

expenses and attorney's fees.

On February 5, 2016, eleven months after it moved for interpleader, Regions

filed a motion for voluntary dismissal of its state court interpleader action.  In so

moving, Regions noted that the parties have answered but that there has been no

ruling on the motion for interpleader and that the case has not been set for trial or

hearing to determine ownership of the funds.[4]  The court granted Regions's motion

and, on February 11, 2016, dismissed the state court interpleader action over

Lamb's opposition.

On February 12, 2016, one day after the state court interpleader action was

dismissed, Regions filed the interpleader action now before the Court and

requested permission to deposit the funds into the registry of the Court.  In her

answer, Lamb denied that Regions has a contractual right to interpleader under the

---

[4] Apparently, the presiding judge died while the action was pending and a new judge was later appointed.

circumstances.  Nevertheless, on March 24, 2016, Lamb filed a motion for a

declaratory judgment asking the Court to declare that she is the rightful owner of

the funds.  Because Lamb asked the Court to resolve the dispute underlying this

interpleader action despite earlier denying that Regions has a contractual right to

interpleader, the Court, on March 31, 2016, granted Regions's request to deposit

the funds into the registry of the Court.

By Order entered April 21, 2016, the Court denied Lamb's motion for a

declaratory judgment, finding that there were issues concerning ownership of the

funds, including a constructive trust issue, that the Court was unable to resolve at

that time.  Thereafter, on July 22, 2016, Regions filed the motion now before the

Court seeking to be discharged from this interpleader action and for an award of

attorney's fees and costs to be paid from the interpleaded funds.

## II.

## A.

"The purpose of an interpleader action is to shield a disinterested stakeholder

from the costs of having to defend against multiple suits, and from the risk of

multiple liability or inconsistent obligations where several claimants assert rights

to a single stake."  *Stonebridge Life Ins. Co. v. Litherland*, No. 4:10-cv-1231

(CEJ), 2011 WL 743753, at *1 (E.D. Mo. Feb. 23, 2011) (citing *S & W*

*Foreclosure Corp. v. Okenfuss*, No. 4:09cv353, 2010 WL 106675, at *1 (E.D. Mo. Jan. 6, 2010)).  "Where a stakeholder is disinterested and has deposited the stake into the Court registry, the Court may dismiss it from the interpleader action, leaving the claimants to prosecute their conflicting claims."  *Id.*

Lamb objects to Regions's motion to be discharged on grounds that sufficient evidence has been presented to prove, as a matter of law, that Regions knew that Lamb is the rightful owner of the account by JTWRS prior to the commencement of this entire matter and that Regions, not in good faith, unlawfully withheld Lamb's funds by freezing her account in violation of its contract with Townsel and Lamb.  Lamb further objects to Regions's motion to be discharged on grounds that Regions, as a party to the contract which is the basis of this interpleader action, is an indispensable party and was the initiator of this interpleader action, though it was unwarranted and in violation of its contract with Townsel and Lamb.  As a consequence, argues Lamb, Regions may be independently liable to Lamb.

Certainly, a stakeholder will not be dismissed from an interpleader action if its participation in the action is required.  See, *e.g., Legacy Inv. and Management, LLC v. Susquehanna Bank*, Civil No. WDQ-12-2877, 2013 WL 5423919, at *5 (D. Md. Sept. 26, 2013) (noting that interpleader actions follow the same joinder rules

as any other federal court action, including Fed. R. Civ. P. 19, which governs

joinder of necessary parties). Here, however, there is no dispute that Regions is a

disinterested stakeholder and that neither Hampton nor Lamb assert a formal claim

against Regions. Although Lamb claims Regions unlawfully withheld her funds by

freezing her account in violation of its contract with her and Townsel, she has not

counterclaimed against Regions for breach of contract. But even if she had, such a

claim would likely fail as Regions is not responsible for the existence of

conflicting claims to the interpleaded funds and has properly instituted an

interpleader action. "'[W]here a stakeholder is allowed to bring an interpleader

action, rather than choosing between adverse claims, its failure to choose between

the adverse claimants (rather than bringing an interpleader action) cannot itself be a

breach of a legal duty.'" *Nelson*, 2015 WL 3442178, at * 2 (quoting *Prudential*

*Ins. Co. of America v. Hovis*, 553 F.3d 258, 265 (3rd Cir. 2009)). *Cf. Reliance*

*Standard Life Ins. Co. v. Winiarski*, Nos. 2:12-cv-123, 2:12-cv-255, 2012 WL

1564540, at *3 (W.D. Pa. May 3, 2012) (where claimant alleged that stakeholder

breached its contract by instituting an interpleader action rather than paying the

proceeds to her, court held that to allow such a claim to proceed would run counter

to the very idea behind the interpleader remedy and that because stakeholder

brought an appropriate interpleader action, it is shielded from any liability as to

claimant's breach of contract claim).  Lamb has failed to show why the Court

cannot accord complete relief as between her and Hampton and the Court

accordingly grants Regions's motion to be discharged and dismissed from this

interpleader action.

### B.

The Court now turns to Regions's motion for an award of attorney's fees and

costs.  In cases brought pursuant to Rule 22, federal district courts have followed

the traditional equity rule that gives the trial court discretion to allow a

disinterested stakeholder to recover attorney's fees and costs from the stake itself.

*Stonebridge*, 2011 WL 743753, at *2 (citing *American Life Ins. Co. of N.Y. v.

Karnes*, No. 07-4053-cv-C-NKL, 2007 WL 4365732, at *1 (W.D. Mo. Dec. 11,

2007); 4 James Wm. Moore, *Moore's Federal Practice* § 22.06 (3rd ed. 2002)).

"'In the usual case the fee will be relatively modest, inasmuch as all that is

necessary is the preparation of a petition, the deposit in court or posting of a bond,

service on the claimants, and the preparation of an order discharging the

stakeholder.'"  *Id*. (quoting 7 Charles Alan Wright et al., *Federal Practice and

Procedure* § 1719 (3d ed.1998)).  "[T]he fees awarded must not significantly

diminish the value of the asset."  *Id*. (citing *Karnes*, 2007 WL 4365732, at *2;

*Bush v. Teachers Ins. and Annuity Ass'n of America*, No. 1:05cv378-WC, 2008

WL 1776684, at *3 (M.D. Ala. April 16, 2008)).  In this respect, courts have

awarded fees in amounts varying between 0.1% and 15% of the interpleaded funds,

depending upon the degree of complexity of the case.  *Id*. (collecting cases).

Here, Regions seeks $7,000.00 in attorney's fees and $565.00 in costs which

is equal to 9.4% of the interpleaded funds.  Hampton makes a bare, one sentence

objection to Regions's motion for an award of attorney's fees and costs but does

not set forth any argument why Regions is not entitled to such an award.  Lamb, in

turn, objects to Regions's motion for an award of attorney's fees and costs on

grounds that the amount of its requested attorney's fees and costs are unreasonable

and the accrual of those fees and costs was entirely due to Regions's unnecessary

actions in which it continued to file the same facts and arguments "over and over."[5]

The Court rejects Lamb's arguments (Hampton making none) and finds that

Regions is entitled to an award of attorney's fees and costs to be paid from the

interpleaded funds.

---

[5] Alternatively, Lamb argues that should the Court find Regions had the authority
to place the hold on the account, Hampton should be ordered to pay the entirety of
Regions's attorney's fees and costs for bringing a meritless claim for which she, to date,
has not given an argument or evidence to support.  Hampton, in turn, argues that Lamb
should be ordered to pay Regions's attorney's fees and costs should such be granted
because of her untenable opposition to Regions's motion for interpleader.  The Court
rejects both of these arguments.  Discovery is ongoing and the Court finds no basis in the
record as it now stands for finding that Hampton's claim to ownership of the funds is
meritless and not asserted in good faith or that Lamb's opposition to an interpleader
action was untenable (even though she lost) and not asserted in good faith.

1.

To determine the amount of a reasonable attorney's fee, the Court will utilize the lodestar method outlined in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002) (citation omitted).

Here, the record reflects that the legal services for Regions were performed by Edie R. Ervin at the billing rate of $275.00 per hour (and, at times, $225.00 per hour). Neither Hampton nor Lamb dispute the reasonableness of the hourly rate charged in this case and they do not dispute that Ervin is an experienced and reputable attorney with excellent legal skills. Accordingly, the Court finds that $275.00 is a reasonable hourly rate for this community (central Arkansas) and that an attorney in this community possessing experience and skill similar to Ervin would command an hourly rate of $275.00. *Cf. Retro Television Network, Inc. v. Luken Communications, LLC*, No. 4:11-cv-00489-SWW, 2012 WL 682372, at *2 (E.D. Ark. March 2, 2012) (collecting cases in the Eastern District of Arkansas involving hourly rates).

Concerning the hours expended by Ervin, neither Hampton nor Lamb challenge the individual time entries Regions has submitted with its motion for attorney's fees.  Lamb claims Regions filed the same facts and arguments "over and over" but a review of Ervin's time entries reveals no such duplicate filings. For example, Ervin did not charge for any redrafting of the complaint filed in this court from that filed in state court.  In any case, the time entries are sufficiently detailed to allow for meaningful review and the Court's review of those time entries does not reveal any matters for which attorney's fees should not be awarded, and they reflect a requested fee award in line with those awarded in other interpleader actions.  See *Stonebridge*, 2011 WL 743753, at *2 (collecting cases). In addition, this interpleader action (including when it was in state court) was more difficult than the normal interpleader action and presented unusual problems.[6] Accordingly, the Court awards Regions $7,000.00 in attorney's fees.[7]

---

[6] The Court has also considered other factors, including the important factor of the results obtained, to determine whether the loadstar amount should be adjusted upward or downward.  *Marez*, 688 F.3d at 965.  Many of the factors to be considered, commonly referred to as the *Johnson* factors, see *Hensley*, 461 U.S. at 429-30 & n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)), are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.*, at 434 n.9.

[7] Region's motion for an award of attorney's fees and costs (and brief in support) states that it is seeking $7,000.00 in attorney's fees.  Ervin's Declaration attached to Regions's motion states that Regions has paid a total of $7,160.54 for legal services performed between August 22, 2014 and June 2, 2016.  Ervin notes that the billing

2.

Turning to costs, Regions seeks reimbursement for the $165.00 state court filing fee and $400.00 for the federal court filing fee.  The Court finds that these fees are taxable as costs and therefore awards Regions $565.00 in costs.  See 28 U.S.C. § 1920 (a judge or court clerk "may tax as costs" fees of the clerk).

III.

For the foregoing reasons, the Court grants Regions's motion for discharge and an award of attorney's fees and costs [doc.#18].  The Court discharges and dismisses Regions from this interpleader action.  The Court further awards Regions $7,000.00 in attorney's fees and $565.00 in costs.  The Court directs the Clerk to pay Regions $7,565.00 from the interpleaded funds.

IT IS SO ORDERED this 8th day of September 2016.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

records show fees for the work performed in the amount of $8,004.00 but that the difference in this amount and the total billed and paid–$7,160.54–reflects discounts and other write-downs.  In her reply brief to the addendum filed by Regions, Lamb assumes Regions is seeking $7,160.54 in attorney's fees.  However, given the representations of Regions's motion for an award of attorney's fees and costs that it is requesting $7,000.00 in attorney's fees rather than the total billed and paid, that is the amount the Court will award.